The FIRST NATIONAL BANK OF CHICAGO, Plaintiff–Appellant,

v.

ACKERLEY COMMUNICATIONS, INC., Defendant–Appellee.

Docket No. 01–7162.

United States Court of Appeals, Second Circuit.

Jan. 22, 2002.

Jonathan S. Massey, Washington, DC, for Appellant.

Jeffrey Harris, Rubin, Winston, Diercks, Harris & Cooke, Washington, DC, for Appellee.

Present MESKILL, KEARSE, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

The First National Bank of Chicago ("First Chicago") appeals from a final judgment entered in the United States District Court for the Southern District of New York following a bench trial before Kevin Thomas Duffy, *Judge*, dismissing its complaint against defendant Ackerley Communications, Inc. ("Ackerley"), alleging breach of contract in connection with Ackerley's refusal to accept as timely First Chicago's attempt to give notice of its exercise of an option to extend its interest-rate-swap ("swaption") agreement with Ackerley by means of a fax. On appeal, First Chicago argues principally that the district court (1) erred in finding (a) that the contract did not allow it to give notice by fax, and (b) that First Chicago had not proven that it communicated its exercise of the swaption even by fax, and (2) erred in ruling that equitable principles did not excuse First Chicago's delay in giving notice. First Chicago also contends that the district court unduly interfered with its right to present its case at trial. Finding no merit in its contentions, we affirm.

The trial court's interpretation of an unambiguous contract is reviewable *de novo*. *See, e.g., Lee v. BSB Greenwich Mortgage Limited Partnership*, 267 F.3d 172, 178 (2d Cir.2001). As to the meaning of an ambiguous contract, the court's findings following a bench trial are reversible only if they are "clearly erroneous," Fed. R.Civ.P. 52(a); *see County of Suffolk v. Alcorn*, 266 F.3d 131, 137 (2d Cir.2001). In reviewing for clear error, we are not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences. *See, e.g., Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). The mere fact that there was evidence to support an inference contrary to that drawn by the trier of fact does not mean that the findings were clearly erroneous. *See, e.g., Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 618 (2d Cir.1991). The decisions as to whose testimony to credit and which of permissible inferences to draw are solely within the province of the trier of fact, and "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous," *Anderson v. Bessemer City*, 470 U.S. at 574, 105 S.Ct. 1504; *see United States v. Yellow Cab Co.*, 338 U.S. 338, 342, 70 S.Ct. 177, 94 L.Ed. 150 (1949).

Regardless of whether we apply the *de novo* standard or the clearly erroneous standard to the meaning of the contract at issue here, we see no basis for reversal. The trial court correctly found that the

contract between the parties listing the means by which it was permissible for First Chicago to exercise the swaption—a contract drafted by First Chicago—did not state that the exercise could be by fax. We see no error, clear or otherwise, in the court's interpretation that fax was not a permissible means or in its conclusion that Ackerley's refusal to accept a swaption exercise sent only by fax was not a breach.

The trial court also found that, even assuming a fax exercise of the swaption were permissible under the contract, First Chicago had not carried its burden of proving that the necessary fax was actually sent on June 20, the deadline for giving notice. In reaching that conclusion, the court indicated that the testimony of the First Chicago employee who supposedly physically sent the fax was unpersuasive to show that he had done so; and the court took into account its assessments of the relative credibility of the witnesses, including the credited testimony of one of First Chicago's own employees indicating that First Chicago had, apparently without any communication with Ackerley after the June 20 fax was supposedly sent, sent a "second" fax on June 22, which it would have seen no need to send if it had sent a fax on June 20. The court's inferences, and its view that First Chicago had not carried its burden of proof, were permissible. Given the "settled principle of law that a notice exercising an option is ineffective if it is not given within the time specified," *J.N.A. Realty Corp. v. Cross Bay Chelsea, Inc.*, 42 N.Y.2d 392, 396, 397 N.Y.S.2d 958, 960, 366 N.E.2d 1313 (1977), and finding no merit in First Chicago's contention that its failure to give timely notice in the contractually required manner should be excused, we see no basis for reversal.

Nor are we persuaded that First Chicago was denied a fair trial. Although there have been occasions when we have concluded that a new trial was warranted by the trial judge's treatment of counsel or the witnesses in the presence of the jury, because such treatment may have "conveyed to the jury the impression that [the judge] held a fixed and unfavorable opinion of defendants, their counsel, and their position," *Rivas v. Brattesani*, 94 F.3d 802, 807 (2d Cir.1996) (per curiam), this is not such an occasion. This case was tried to the court, not a jury, and we see no indication that the trial judge's occasional impatience with First Chicago's attorney or witnesses interfered with his ability to render an impartial decision.

In light of these conclusions, First Chicago's additional contention that the district court's ruling on damages was erroneous is moot.

We have considered all of First Chicago's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.