Mark **BELLOTTO**, Dawn Brown, Jane Brown, Michael J. Croci, Jr., Michael P. Kracht, Plaintiffs–Appellants,

Romus Atkins and Robert Grassfield, Plaintiffs,

v.

COUNTY OF ORANGE, Chris Ashman, Commissioner of Mental Health, sued in his individual and official capacities, Donna Dominick, Robert Curreri, David Serrano, Jennifer Sergi, Kandi Jones, sued in their individual capacities, Defendants–Appellees.

Paul Weissinger, Michael Zappolo, Kathleen Ferreri, Arthur Conklin, Keith Pelton, Kristin Kelly, Michael Andricut, Daniel Figueroa, Edward Craven, Richard Russell, Bryce Sotelo, Lou Pastor, Vincent Dichairo, Lawrence Catletti, Robert Tichy, Gerald Kehlenbeck, sued in their individual capacities, Defendants.

No. 06–1185–pr.

United States Court of Appeals, Second Circuit.

Sept. 26, 2007.

Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, NY, for Plaintiffs–Appellants.

David L. Darwin, County Attorney, Goshen, N.Y., for County of Orange; David L. Posner, McCabe & Mack, Poughkeepsie, N.Y., for Chris Ashman; Michael K. Burke, Burke, Miele & Golden, LLP, Goshen, N.Y., for Donna Dominick, Robert Curreri, David Serrano, Jennifer Sergi, and Kandi Jones.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

## AMENDED SUMMARY ORDER

Plaintiffs–Appellants Mark Bellotto, Dawn Brown, Jane Brown, Michael Croci, Jr., and Michael Kracht ("Plaintiffs" or "Appellants") appeal from the district court's order granting summary judgment to Defendants–Appellees County of Orange, Commissioner of Mental Health Chris Ashman, and corrections officers Dominick, Serrano, Curreri, Sergi, and Jones ("Defendants" or "Appellees") on claims brought under 42 U.S.C. § 1983 in connection with Appellants' treatment at the Orange County Jail (the "Jail"). *See Atkins v. County of Orange,* 372 F.Supp.2d 377 (S.D.N.Y.2005). Appellant Dawn Brown appeals the district court's dismissal of her excessive force claim against Appellees Dominick, Serrano, and Curreri, and the district court's refusal to consider her excessive force claim against Appellees Sergi and Jones. All Appellants appeal the dismissal of their claims against Appellees County and Ashman for "deliberate indifference" to their serious medical needs, in violation of their rights under the Eighth and Fourteenth Amendments. We assume the parties' familiarity with the facts and procedural history of the case.

We review a district court's grant of summary judgment *de novo,* utilizing the same standard as the district court. "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998); Fed.R.Civ.P. 56(c). In determining whether there is a genuine issue of material fact, we must resolve all ambiguities, and draw all inferences, against the moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987). However, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial and cannot defeat a motion for summary judgment." *Salahuddin v. Goord,* 467 F.3d 263, 281 (2d Cir.2006).

### I.

The district court did not err in dismissing Appellant Dawn Brown's excessive force claim, arising out of an incident

on April 12, 2001, against Appellees Dominick, Serrano, and Curreri.

An official's use of force violates the Eighth Amendment when two requirements are met: the use of force "must be, objectively, sufficiently serious," and "the prison official involved must have a sufficiently culpable state of mind." *Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir.1997) (internal quotation marks and citations omitted). "The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (internal quotation marks and citation omitted). "[S]ome degree of injury is ordinarily required" to satisfy this standard, but the injury need not be "serious" or "significant" "as long as the amount of force used is not *de minimis.*" *United States v. Walsh,* 194 F.3d 37, 50 (2d Cir. 1999). The subjective standard is satisfied where an inmate shows "that the prison officials involved 'had a "wanton" state of mind when they were engaging in the alleged misconduct,'" *Griffin v. Crippen,* 193 F.3d 89, 91 (2d Cir.1999) (quoting *Davidson v. Flynn,* 32 F.3d 27, 30 (2d Cir.1994)), which "turns upon 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Romano v. Howarth,* 998 F.2d 101, 105 (2d Cir.1993) (quoting *Hudson,* 503 U.S. at 7, 112 S.Ct. 995). We apply the same standard of law to excessive force claims brought by pretrial detainees, which arise under the Fourteenth Amendment rather than the Eighth. *See Walsh,* 194 F.3d at 47–48.

Construing the evidence in the light most favorable to Appellant Dawn Brown, a reasonable juror could not find that her claim against Appellees Dominick, Serrano, and Curreri satisfies this standard.

Evidence shows that on the morning of April 12, 2001, Dominick and Serrano entered Dawn Brown's cell and forcibly restrained and handcuffed her because she was "violently bang[ing][her] head against [her] cell wall"; the record also shows that, after taking her to see a mental health caseworker, Dominick, Serrano, and Curreri placed Dawn Brown in restraints because she "would not settle down." But there is no evidence from which a jury could find excessive force. In her deposition, Dawn Brown did not specifically recall the April 12 incident, and all the other evidence regarding it is vague. Appellant Jane Brown, who allegedly witnessed interactions between corrections officers and Dawn Brown on several occasions, does not recall specific dates or specific corrections officers. Nursing notes from the date of the alleged incident document "bruising" on Dawn Brown's arm but do not mention the alleged assault; the notes also state that, according to Dawn Brown, "she got [the bruise] today in the shower." The only evidence regarding an incident on April 12, 2001 is the paperwork filled out by Appellee corrections officers, which states simply that they restrained Dawn Brown to keep her from hurting herself. Appellant Dawn Brown has identified no genuine issues of material fact that, if resolved in her favor, would allow her claim to succeed.

## II.

The district court did not err in refusing to consider Appellant Dawn Brown's excessive force claim against Appellees Sergi and Jones, which arose from an alleged incident in April or May 2001.

Dawn Brown mentioned the incident in her deposition testimony, but she did not include it in either her initial complaint or

her two amended complaints; she raised it for the first time in the papers filed in opposition to Defendants' motion for summary judgment. Judge Conner's refusal to consider the claim was well within the bounds of his discretion. *See Syracuse Broad. Corp. v. Newhouse,* 236 F.2d 522, 525 (2d Cir.1956). Moreover, there is no evidence that Dawn Brown was prejudiced by the district court's decision. Judge Conner gave the plaintiffs two opportunities to amend their complaint before Defendants moved for summary judgment, and following his summary judgment decision he gave the plaintiffs ten days to amend their complaint for a fourth time to include certain failure to intervene claims. *Atkins,* 372 F.Supp.2d at 407. Since Judge Conner did not dismiss Dawn Brown's April/May 2001 excessive force claim with prejudice, she could readily have attempted to plead it during that ten-day period. We note, in this respect, that Dawn Brown was represented by counsel throughout.

### III.

■ The district court did not err in granting summary judgment in favor of Appellees County and Ashman on the "deliberate indifference" claims of Appellants Bellotto, Dawn Brown, Jane Brown, Croci, and Kracht.

Deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment, in violation of the Eighth Amendment, as made applicable to the states through the Fourteenth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, an Eighth Amendment deliberate indifference claim is not valid unless it meets certain objective and subjective criteria. As agreed by the parties, we apply the same criteria to the pre-trial detainees in this case bringing deliberate indifference actions under the Due Process Clause. *See Cuoco v. Moritsugu,* 222 F.3d 99, 106 (2d Cir.2000).

The objective prong of our test is satisfied when (a) the prisoner was "actually deprived of adequate medical care," meaning prison officials acted unreasonably in response to an inmate health risk under the circumstances, and (b) "the inadequacy in medical care is sufficiently serious." *Salahuddin,* 467 F.3d at 279–80. When a prisoner alleges denial of adequate medical care, we evaluate the seriousness of the prisoner's underlying medical condition. *Smith v. Carpenter,* 316 F.3d 178, 184–86 (2d Cir.2003). When a prisoner alleges "a temporary delay or interruption in the provision of otherwise adequate medical treatment," we focus on the seriousness of the particular risk of harm that resulted from "the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Id.* at 185 (emphasis omitted). We have no settled, precise metric to tell us when a prisoner's medical need is sufficiently serious, but our standard "contemplates 'a condition of urgency' that may result in 'degeneration' or 'extreme pain,'" *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir. 1998) (citation omitted); actual medical consequences are "highly relevant," *Smith,* 316 F.3d at 187.

The subjective prong of our test is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A plaintiff is not required to show that a defendant acted or failed to act "for the very purpose

of causing harm or with knowledge that harm will result," but must show that the official was "aware of facts" from which one could infer that "a substantial risk of serious harm" exists, and that the official drew that inference. *Id.* at 835, 837, 114 S.Ct. 1970.

Appellant Mark Bellotto's claim of deliberate indifference was properly dismissed because a reasonable juror could not conclude that he was deprived of adequate care. When Bellotto was incarcerated in January 2000, he disclosed a prior history of hospitalization and he exhibited signs of depression, so the nursing staff referred him to the forensic clinic. There, a psychiatrist diagnosed him with depression and prescribed Paxil. During his thirty days in the Jail, Bellotto did not complain about his medication, and the only adverse consequence he alleges now is that the Paxil made him continuously tired and sleepy. Construing the evidence in Bellotto's favor, there is no basis for finding that the treatment given him was unreasonable or that the sleepiness he reported was "sufficiently serious" to constitute a constitutional violation.

■ The district court also properly concluded that Appellant Jane Brown could not have been found to have received constitutionally inadequate care. Upon intake, Jane Brown was placed on close watch, and taken off only when it became apparent that she posed no risk to herself or others. She saw a psychiatrist several days after her admission to the Jail, who took a detailed medical history and prescribed her with medication. Although Jane Brown occasionally missed her dosage of Paxil because she was out of her cell in the morning at a GED class, there is no evidence that she experienced any adverse symptoms while in the Jail.

■ Appellant Michael Croci's treatment, which allegedly included missed medication dosages and inadequate monitoring of medications, also could not be found to rise to the level of a constitutional violation because the risk of harm that Croci faced as a result of the alleged treatment was not substantial. Although a psychiatrist was not immediately informed of Croci's missed dosages, Croci was an alert patient who frequently demanded and received attention from mental health workers. Furthermore, the only medical consequence he alleges was an anxiety attack, which, according to both Croci's testimony and his medical records, resulted in no physical injuries and "no acute distress."

■ The district court also correctly dismissed Appellant Michael Kracht's deliberate indifference claims, which arose from missed medications, inadequate monitoring of medications, and inadequate monitoring of his allegedly worsening mental health problems. Kracht's record shows that during his approximately eight-month incarceration he saw a clinician twenty-five times and a psychiatrist sixteen times; he attended at least twenty group therapy sessions. The record also shows that mental health professionals responded to his concerns about his medications and adjusted his prescription as they believed necessary. It is true that after Kracht complained of hallucinations and threatened suicide, a psychiatrist told him to return in three weeks, but Kracht continued to be monitored during that time and he had access to other ways of requesting help. Importantly, Kracht does not allege that he suffered any pain or physical harm during his incarceration. Kracht's claims are largely disagreements over the proper course of treatment and accusations of negligence, which cannot alone make out a

deliberate indifference claim. *Chance,* 143 F.3d at 703.

◼ Our analysis is slightly different as to Appellant Dawn Brown's deliberate indifference claim, but our ultimate conclusion is the same. Assuming without here deciding that a reasonable juror could find that Dawn Brown's treatment while in Defendants' care was constitutionally inadequate, her claim fails as a matter of law because she has not sued any party who, on the record before us, might be found to have violated her rights. Notably, she has failed to provide evidence that would allow a reasonable juror to conclude that either Appellee Ashman or Appellee County deliberately disregarded the risk of harm that she faced or refused the treatment she required. While she has suggested a number of problems with the treatment she and the four other appellants received while in the Jail, she does not offer proof sufficient to permit a reasonable jury to find either an official or unofficial policy that was deliberately indifferent to her particular medical needs. The district court therefore acted properly in dismissing her deliberate indifference claim.

We have considered all of Appellants' claims and we find them without merit. The judgment of the district court is therefore AFFIRMED.