**Conrad MIKULEC, Plaintiff,**

v.

**TOWN OF CHEEKTOWAGA, Officer Joseph A. Bashaw, and Officer Ronald Woods, Defendants.**

**No. 11–CV–342 EAW.**

United States District Court, W.D. New York.

Signed Aug. 14, 2014.

---

Steven M. Cohen, Hoganwillig, Getzville, NY, for Plaintiff.

Marylou Kathryn Roshia, Kara M. Addelman, Damon Morey LLP, Buffalo, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### INTRODUCTION

Plaintiff Conrad Mikulec ("Plaintiff") brought this action against Defendants the Town of Cheektowaga, the Cheektowaga Police Department, Officer Joseph A. Bashaw, Officer Ronald Woods, Officer Shawn McAdams, Officer Erick Jakubowicz, Officer Laurie Ucasz, and Officer "John" Haag, pursuant to 42 U.S.C. § 1983, alleging constitutional violations pursuant to the Fourth and Fourteenth Amendments, and state law claims of battery, false arrest, false imprisonment, and negligent hiring, training, and supervision. (Dkt. 13). On November 13, 2012, the Honorable William M. Skretny, Chief Judge, United States District Court, issued an order on a summary judgment motion dismissing all Defendants from the case, except for Defendants Bashaw, Woods, and the Town of Cheektowaga ("Defendants"). (Dkt. 32). Judge Skretny's order also dismissed all of Plaintiff's causes of action, except for his battery and excessive force claims. (*Id.*).

On April 11, 2014, the case was transferred to the undersigned for all further proceedings, including trial. (Dkt. 65). This case is scheduled for trial starting September 29, 2014. (Dkt. 68). Presently before the Court is Defendants' motion for reconsideration of their first motion *in limine* to preclude Plaintiff from presenting evidence of economic damages, including lost wages, at trial. (Dkt. 69). For the reasons set forth below, Defendants' motion is granted, and Plaintiff is precluded from offering evidence of economic damages, other than past and future medical expenses, at trial.

### BACKGROUND

On May 13, 2013, Defendants filed their first motion *in limine*, seeking preclusion of evidence pertaining to Plaintiff's claim for lost wages and lost business opportunities because he failed to disclose, as required by Fed.R.Civ.P. 26(a)(1)(A)(iii), a computation of each category of damages claimed. (Dkt. 43). Plaintiff filed a response on May 22, 2013, and Defendants replied on May 31, 2013. (Dkt. 46 and 47). Plaintiff subsequently filed two Rule 26 disclosures (Dkt. 49 and 50), neither of which contained a computation of Plaintiff's claimed damages.

At a status conference on July 2, 2013, Judge Skretny instructed Plaintiff to supplement his disclosures before July 16, 2013, or face preclusion. (Dkt. 55). At a status conference on August 9, 2013, Judge Skretny again instructed Plaintiff to supplement his Rule 26 disclosure to include a computation of economic damages, or he would entertain a motion for preclusion. (Dkt. 60). Plaintiff also conceded that he would not pursue economic damages for any lost business opportunity at trial. (*Id.*).

On September 6, 2013, Plaintiff supplemented his Rule 26 disclosures with a computation of damages for past medical expenses and anticipated future medical expenses. (Dkt. 61). This disclosure did not include a computation of damages for any economic loss, other than for past and future medical expenses.

On October 7, 2013, Defendants filed a memorandum of law in further support of their first motion *in limine* to preclude evidence pertaining to Plaintiff's lost wages, for which he failed to provide a computation of damages. (Dkt. 62). Plaintiff filed a memorandum in opposition on October 15, 2013.

(Dkt. 63). On April 4, 2014, Judge Skretny issued a text order denying Defendants' motion *in limine*, indicating that Plaintiff supplemented his disclosures by September 6, 2013, as ordered by the Court, and Defendants did not contest the adequacy of the disclosure. (Dkt. 64).

On April 11, 2014, the case was transferred to the undersigned for all further proceedings, including trial. (Dkt. 65). The parties appeared at a status conference on June 18, 2014, in Buffalo, New York. (Dkt. 67). At the status conference, Defendants requested permission to reargue Judge Skretny's April 4, 2014 text order denying their motion *in limine* to preclude Plaintiff from offering evidence of economic damages at trial, explaining that Defendants did object to Plaintiff's September 6, 2013 supplemental disclosures. This Court set a scheduling order stating that Defendants must file any motion to reargue and/or for reconsideration on or before July 7, 2014, and that any responding papers must be filed by July 21, 2014. (Dkt. 68). On July 7, 2014, Defendants submitted a memorandum of law rearguing their position that Plaintiff should be precluded from offering at trial evidence of economic damages, other than past and future medical expenses, as he failed to provide Defendants with a computation of damages. (Dkt. 69). Plaintiff did not submit any papers in opposition.

## DISCUSSION

### I. Legal Standard

#### A. Motion for Reconsideration

■ The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *Lopez v. Goodman*, No. 10–CV–6413 CJS, 2013 WL 5309747, at *1, 2013 U.S. Dist. LEXIS 135046, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir.1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08–CV–6285–CJS, 2013 WL 5962978, at *1, 2013 U.S. Dist. LEXIS 159731, at *2

(W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989)). Because Defendants are requesting the reconsideration of an order (Dkt. 64), the Court construes their motion for reconsideration as a motion pursuant to Rule 60(b).

■ As noted by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations and citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.' " *Turner v. Vill. of Lakewood*, No. 11–CV–211–A, 2013 WL 5437370, at *3–4, 2013 U.S. Dist. LEXIS 139674, at *9 (W.D.N.Y. Sept. 27, 2013) (quoting *U.S. v. Adegbite*, 877 F.2d 174, 178 (2d Cir.1989)). " 'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.' " *Boyde v. Osborne*, No. 10–CV–6651, 2013 WL 6662862, at *1, 2013 U.S. Dist. LEXIS 177084, at *2–3 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999)).

■ In this case, it appears that there was some misunderstanding regarding Defendants' October 7, 2013 memorandum of law submitted in further support of their motion *in limine* (Dkt. 62), which was filed in response to Plaintiff's September 6, 2013 supplemental Rule 26 disclosure (Dkt. 61). The Court's Text Order of April 4, 2014, found that Defendants did not contest the adequacy of Plaintiff's September 6, 2013 supplemental

disclosure (Dkt. 64), but that was not the case. After reviewing Defendants' October 7, 2013 memorandum of law, the Court concludes that Defendants plainly objected to Plaintiff's supplemental disclosure, and the motion to preclude warrants reconsideration by the Court. *See Summa v. Hofstra Univ.*, 715 F.Supp.2d 378, 394 (E.D.N.Y.2010) (granting Defendants' motion for reconsideration of Defendants' request to submit a proposed notice of collective action where the court overlooked Defendants' original request to submit a proposed notice).

### B. Disclosure Under Fed.R.Civ.P. 26

 Fed.R.Civ.P. 26(a)(1)(A)(iii) provides, in relevant part:

[A] party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. . . .

Fed.R.Civ.P. 26(a)(1)(A)(iii). "While the rule does not indicate the level of specificity that is required to disclose a 'computation' properly, courts examining this issue have held that Rule 26(a)(1)(A)(iii) 'requires more than merely setting forth the figure demanded.'" *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 Civ. 902(JGK)(HBP), 2014 WL 902649, at *6, 2014 U.S. Dist. LEXIS 30011, at *15 (S.D.N.Y. Mar. 7, 2014) (quoting *First Nat. Bank of Chicago v. Ackerley Commc'ns, Inc.*, No. 94 CIVIL 7539(KTD), 2001 WL 15693, at *6 n. 6, 2001 U.S. Dist. LEXIS 20895, at *18 n. 6 (S.D.N.Y. Jan. 8, 2001), *aff'd*, 28 Fed.Appx. 61 (2d Cir.2002)). "Rule 26(a)(1) contemplates an estimate of damages and 'some analysis.'" *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, Nos. 12 Civ. 6811(CM)(JCF), 13 Civ. 1580(CM)(JCF), 2013 WL 5495542, at *5, 2013 U.S. Dist. LEXIS 143398, at *17 (S.D.N.Y. Oct. 3, 2013) (citation omitted). The purpose of Rule 26 disclosures "is to avoid surprise or trial by ambush." *Lopez v. City of New York*, No.

11–CV–2607 (CBA)(RER), 2012 WL 2250713, at *1, 2012 U.S. Dist. LEXIS 83611, at *3 (E.D.N.Y. June 15, 2012); *see also Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993) ("We have said that the purpose of our modern discovery procedure is to narrow the issues, *to eliminate surprise*, and to achieve substantial justice. The rules are meant to [e]nsure that . . . parties can obtain mutual knowledge of all the relevant facts gathered by both parties.") (internal quotations and citations omitted).

 A district court has wide discretion to impose sanctions, including preclusion, where a party does not meet its discovery obligations. *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir.1999) ("Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses . . . ."). If a party does not timely disclose Rule 26(a) information, the party generally is not permitted to use that information at trial, "unless the failure was substantially justified or is harmless." Fed. R.Civ.P. 37(c)(1); *see also Middle Mkt. Fin. Corp. v. D'Orazio*, No. 96 Civ. 8138(SWK)(HBP), 2002 WL 31108260, at *4, 2002 U.S. Dist. LEXIS 17817, at *12 (S.D.N.Y. Sept. 23, 2002) ("The 'automatic sanction' for a violation of Rule 26(a) is preclusion."). The non-disclosing party bears the burden of demonstrating that its non-disclosure was substantially justified or harmless. *Atkins v. Cnty. of Orange*, 372 F.Supp.2d 377, 395–96 (S.D.N.Y.2005), *aff'd*, 248 Fed.Appx. 232 (2d Cir.2007).

 Despite the fact that the district court has wide discretion to preclude undisclosed evidence, "preclusion is not generally ordered," *id.* at 396, and is "a drastic remedy and should only be applied in those rare cases where the party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." *Babcock v. Rezak*, No. 96–CV–0394E(Sc), 2002 WL 31654995, at *1, 2002 U.S. Dist. LEXIS 22652, at *4 (W.D.N.Y. Nov. 6, 2002) (internal quotations and citation omitted). The following factors are relevant to whether evidence should be precluded as a sanction for non-disclosure: "(1) the party's explanation

for the failure to comply with the discovery [requirement]; (2) the importance of ... the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Ritchie Risk–Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 157 (S.D.N.Y.2012) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir.1997)) (alterations in original).

## II. Plaintiff's Failure to Disclose a Damages Computation

The Court initially notes that Plaintiff waived any claim for damages relating to a lost business opportunity at the August 9, 2013 conference. (Dkt. 60). Plaintiff is precluded from offering any evidence of a lost business opportunity at trial.

■ Plaintiff does not contest that he has not provided Defendants with a computation of damages regarding any lost wages claim, and his previously submitted motion papers are unclear as to whether he intends to offer economic damages other than past and future medical expenses at trial. (Dkt. 46–1 and 63). To the extent Plaintiff does intend to offer evidence of lost wages, he is precluded from doing so. Plaintiff offers no explanation as to why he has failed to produce a computation of his claimed economic damages. Other than his production of a computation for past and future medical expenses, Plaintiff has twice failed to comply with court orders instructing him to supplement his disclosures. (Dkt. 55 and 60). Plaintiff's failure to disclose a Rule 26 computation of damages is particularly troubling considering Judge Skretny's orders and Defendants' repeated requests for this information. (Dkt. 43, 55, 60, 62, 69), *See Agence France Presse v. Morel*, 293 F.R.D. 682, 687–88 (S.D.N.Y.2013) (precluding plaintiff from offering proof of new damages theory where: (1) plaintiff completely failed to explain or justify the untimeliness of new damages computation; and (2) plaintiff failed to disclose new theory of damages until soon before trial, despite repeated requests by defendants for information regarding plaintiff's computation); *Ko-*

*dak Graphic Can. Co. v. E.I. Du Pont de Nemours & Co.*, No. 08–CV–6553–FPG, 2013 WL 5739041, at *5–6, 2013 U.S. Dist. LEXIS 151922, at *14–15 (W.D.N.Y. Oct. 22, 2013) (precluding defendant from pursuing additional damages where defendant "provided little to no explanation for their failure to comply with the disclosure requirement," and "investigating ... additional damages would result in further substantial delays in the resolution of this case...."). By Plaintiff's non-response to Defendants' motion for reconsideration, he offers no explanation for his failure to comply with the requirements of Fed.R.Civ.P. 26(a)(1)(A)(iii).

Furthermore, trial is scheduled to commence on September 29, 2014 (Dkt. 68), and has already been adjourned once. (Dkt. 55). This case has been pending for over three years (Dkt. 1), and fact discovery has been closed for over two years (Dkt. 24). All of these facts weigh against the possibility of a continuance. *See Quiles v. City of New York*, No. 11 Civ. 5613(FM), 2014 U.S. Dist. LEXIS 66443, at *16 (May 8, 2014); *Curcio v. Roosevelt Union Free Sch. Dist.*, No. 10–CV–5612 (SJF)(AKT), 2012 U.S. Dist. LEXIS 180385, at *16–17 (E.D.N.Y. Dec. 19, 2012). Further, Defendants have had no opportunity to conduct discovery to counter Plaintiff's potential evidence regarding economic damages. Defendants would be severely prejudiced should Plaintiff offer proof of economic damages other than medical expenses.

Plaintiff has not met his burden by demonstrating that his failure to comply with the requirements of Fed.R.Civ.P. 26(a)(1)(A)(iii) was substantially justified or harmless. Rule 26 directs that damages disclosures be made by a party seeking damages at the beginning of the civil action and without awaiting a discovery request. This action was removed to federal court on April 21, 2011, over three years ago (Dkt. 1), and an initial computation should have been disclosed at or around that time, and supplemented accordingly. By his conduct, Plaintiff has conceded his lost wage claim, and he is precluded from offering any evidence of economic damages, except for evidence of his past and future medical expenses, at trial.

31

## CONCLUSION

Defendants' motion for reconsideration is granted. Plaintiff is precluded from offering any evidence of economic damages, except for proof relating to his past and future medical expenses, at trial.

SO ORDERED.