Lauren E. SUMMA, on behalf of herself individually and on behalf of all similarly situated employees, Plaintiff,

v.

HOFSTRA UNIVERSITY, Defendant.

No. 07 CV 3307(DRH)(ARL).

United States District Court,
E.D. New York.

June 1, 2010.

Thompson Wigdor & Gilly LLP, by Douglas H. Wigdor, Esq., Christopher Q. Davis, Esq., New York, NY, for the Plaintiff.

Proskauer & Rose LLP, by Elise M. Bloom, Esq., Brian J. Gershengorn, New York, NY, for the Defendant.

## MEMORANDUM & ORDER

HURLEY, Senior District Judge.

### INTRODUCTION

Presently before the Court are Defendant Hofstra University's ("Defendant" or "Hofstra") objections to the August 14, 2008, 2008 WL 3852160, Order of Magis-trate Judge Arlene R. Lindsay (the "Order") which (1) conditionally certified a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) ("Section 216(b)"); (2) ordered that the conditional class consist of "all Hofstra Undergraduate or Graduate Assistants within the past three years who did not receive the prevailing minimum wage and/or overtime compensation"; and (3) directed Defendant to provide the names and last known addresses of, and to send a court-authorized notice of the action to, individuals employed by Hofstra as Undergraduate or Graduate Assistants since August 2005. For the reasons that follow, Defendant's objections to the Order regarding the conditional certification of the class are denied, and Defendant's objection to the Order regarding the court-author-ized notice is granted.

## BACKGROUND

### I. Factual Background

Hofstra is a private, nonsectarian, coe-ducational university that employs stu-dents at its Hempstead, New York campus in various school departments. Hofstra employs students on-campus in three cate-gories relevant to this matter, to wit (i) Undergraduate Assistant, (ii) Graduate As-sistant, and (iii) Graduate Assistantship.

Plaintiff Lauren E. Summa ("Plaintiff" or "Summa") was a former Hofstra stu-dent who Defendant had previously em-ployed in various Undergraduate and Graduate Assistant positions, including Football Team Manager, Resident Safety Representative and Research Assistant. During the Fall 2006 Semester, Summa was paid a $700 stipend for her position as Football Team Manager even though she had worked at least 40 hours a week in that position. Plaintiff had worked in oth-er hourly paid positions at Hofstra during

the same time period. Because the total number of hours worked from the multiple positions she held at Hofstra exceeded 40 hours a week, Plaintiff maintains that she was entitled to, but did not receive, the prevailing minimum wage and/or overtime compensation.

## II. Procedural Background

Plaintiff commenced this action on behalf of herself and others similarly situated on August 9, 2007, seeking unpaid minimum wages and overtime compensation from Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and New York Labor Law. Plaintiff alleges that (1) she regularly worked in excess of 40 hours per week for Hofstra between her multiple on-campus positions but did not receive the prevailing minimum wage and/or overtime compensation; (2) she was not exempt from the FLSA's overtime wage requirement; and (3) all Undergraduate and Graduate Assistants had similar basic job duties and assignments and were subject to Hofstra's common policy and practice of classifying Undergraduate and Graduate Assistants as exempt or otherwise excluded from the provisions of the FLSA.

On September 4, 2007, Emily DeGaglia, Lynn Sumner and Dawn Sumner opted-in [1] to the instant lawsuit as named plaintiffs (the "opt-in Plaintiffs" and collectively with Summa "Plaintiffs").[2]

Thereafter, on January 29, 2008, Plaintiffs filed a motion seeking (1) to conditionally certify a collective action pursuant to Section 216(b); (2) court-authorized notice of the action to potential opt-in plaintiffs; and (3) an order directing Defendant to provide the names, addresses, e-mail addresses, Social Security numbers, and dates of employment for all Undergraduate and Graduate Assistants employed by Defendant during the last six years.

## III. The August 14, 2008 Order

On August 14, 2008, Judge Lindsay issued an order wherein Plaintiffs' motion was granted in part and denied in part. Specifically, after considering Plaintiffs' evidence in support of their motion, viz. (i) two affidavits from Summa stating that she was employed by Hofstra in multiple on-campus positions but did not receive the prevailing minimum wage and/or overtime compensation for hours worked in excess of 40 hours in one week, and that at least seven other students had advised her that they did not receive the minimum

---

1. Collective actions under the FLSA are authorized by section 216(b) which provides in pertinent part:

   An action ... may be maintained against any employer ... by any one or more employees for an in behalf of himself and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

   29 U.S.C. § 216(b). Section 216(b) "requires that employees affirmatively opt-in to an FLSA collective action by filing a written consent." *Young v. County of Nassau*, 2010 WL 161593, at *1 (E.D.N.Y. Jan. 13, 2010). "FLSA's opt-in provision merely provides an opportunity for potential plaintiffs to join and is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated." *Bowens v. Atlantic Maint. Corp.*, 546 F.Supp.2d 55, 82 (E.D.N.Y.2008).

2. The opt-in Plaintiffs were enrolled as students at Hofstra and had been previously employed by Defendant as Undergraduate Assistants. Like Summa, they allege that Hofstra employed them as Football Team Managers for which they received a stipend. Each of the opt-in Plaintiffs also held hourly paid positions at the University and claim that they did not receive the prevailing minimum wage and/or overtime compensation during their time as Undergraduate Assistants.

wage and/or overtime compensation for working simultaneously in multiple Undergraduate Assistant positions for hours worked beyond 40 hours in one week; (ii) affidavits from each of the opt-in Plaintiffs stating they were employed by Hofstra during the relevant time period as Undergraduate and Graduate Assistants and did not receive the federal minimum wage and/or overtime compensation; (iii) Hofstra's 2006 Student Employment Handbook which sets forth certain policies that limited campus employment to one job per student, limited campus employment to 40 hours per week, and guaranteed the federal minimum wage rates of pay for Undergraduate and Graduate Assistant positions; and (iv) the On–Campus Student Employment Handbook for Supervisors which provides similar policies to the 2006 Student Employment Handbook, Judge Lindsay concluded that the evidence "constitute[d] a sufficient preliminary showing that the [P]laintiff and the putative class members are similarly situated." (Order, at 6–7.)

> In her Order, Judge Lindsay stated:
> [t]he evidence makes clear that the plaintiff and the potential plaintiffs held the same or similar positions, were subject to the same policies and were not paid the federal minimum wage and did not receive overtime compensation for hours worked in excess of 40 in any given week. Indeed, the affidavits of the plaintiff, Emily DeGaglia, Lynn Sumner and Dawn Sumner all describe that they were employed by Hofstra in various positions as Undergraduate or Graduate Assistants, that they were all subject [to] the above-cited policies, that Hofstra did not enforce these policies and thus permitted them to work simultaneously in more than one Undergradu-

ate Assistant position without paying overtime for hours worked beyond 40 in a week in violation of the FLSA. The plaintiff and putative plaintiffs also aver tha[t] they were paid below the prevailing minimum wage in violation of both Hofstra's stated policy regarding rates of pay and the FLSA.

(*Id.*) (citations omitted). Based on the foregoing, Judge Lindsay granted Plaintiffs' motion to conditionally certify a collective action pursuant to Section 216(b) "of all persons who were employed as Undergraduate and Graduate Assistants by Hofstra and who were not paid the federal minimum wage and/or who did not receive overtime compensation." (*Id.* at 9.)

Judge Lindsay denied Plaintiffs' application for certification of a six-year period for notice to putative class members and limited such notice to a period of three years, viz. since August 2005.[3] In addition, Judge Lindsay granted Plaintiffs' request for names and addresses of potential class members but denied Plaintiffs' application for additional information, such as email addresses, Social Security numbers and dates of employment of these individuals. Finally, Judge Lindsay authorized Plaintiffs' proposed notice but directed that Plaintiffs modify "the time period referenced in the notice to the last three years." (*Id.* at 11.)

On August 28, 2008, Defendant moved for reconsideration and/or reargument of the Order before Judge Lindsay pursuant to Local Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure. On September 22, 2008, Judge Lindsay stayed the production of the names and addresses of the putative class pending resolution of the motion for reconsideration and/or rear-

---

**3.** Judge Lindsay noted that "this time period may be subject to modification should further discovery prove that FLSA notices were not posted in requirements of law." (*Id.* at 10.)

gument and appeal to this Court.[4] By Order dated December 24, 2008, Judge Lindsay granted Defendant's motion for reconsideration and/or reargument, but principally adhered to her original decision.[5]

Simultaneous to filing its motion for reconsideration and/or reargument, Defendant timely filed objections to the Order to this Court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's objections to the Order regarding the conditional certification of the class are denied, and Defendant's objection to the Order regarding the court-authorized notice is granted.

## DISCUSSION

### I.  Standard of Review

Federal law permits "a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). Although there are certain specified exceptions, one of which is "a motion ... to dismiss or to permit maintenance of a class action," *see id.*, a magistrate judge has jurisdiction over a motion

seeking conditional class certification because it is only a "preliminary determination[ ] and [is] not dispositive." *See Patton v. Thomson Corp.*, 364 F.Supp.2d 263, 265–66 (E.D.N.Y.2005); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194(RMB)(DF), 2005 WL 3240472, at *2 n. 6 (S.D.N.Y. Nov. 30, 2005) (noting that Section 636(b)(1)(A) does not prohibit a magistrate judge from entertaining a motion to approve a collective action "under which the standard for granting approval is far more lenient, and indeed, materially different, than the standard for granting class certification under Fed.R.Civ.P. 23"); *see also Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F.Supp.2d 89 (2010) (motion for conditional authorization to proceed as a collective action granted by magistrate judge); *Iriarte v. Redwood Deli and Catering, Inc.*, No. CV–07–5062 (FB)(SMG), 2008 WL 2622929, at *1 n. 1 (E.D.N.Y. June 30, 2008) ("Plaintiff seeks conditional certification of a collective action notice pursuant to FLSA which is governed by a more lenient standard than class certification, and has been held to be within the authority of a Magistrate Judge

---

**4.** In rejecting Plaintiff's argument that delaying such production would limit recovery under the statute of limitations, Judge Lindsay stated that Plaintiffs are "free at the appropriate time to file a motion to equitably toll the statute of limitations for the time spent" resolving the foregoing motion and appeal. (*See* Docket Entry 62.)

**5.** Defendant moved for reconsideration of the Order on the basis of (i) recent legal authority concerning conditional class certification, and (ii) newly discovered evidence that allegedly raises questions about Summa's ability to serve a class representative. In addition, Defendant requested that the Court order the modification of the class notice. Judge Lindsay reconsidered Hofstra's argument that certain of the members of the putative class may be exempt under the FLSA because they are not "employees" within the definition of the FLSA, and acknowledged that in rendering

her initial Order, she had not reached this argument because it required the court to "scrutinize the merits" of the action at the initial stage of the FLSA litigation. Judge Lindsay agreed upon reconsideration with Hofstra that it was appropriate to examine this question at the initial stage of class certification because it is a threshold issue that goes to whether Summa has met her burden in showing that the putative class are "similarly situated" under the FLSA. Thus, Judge Lindsay reconsidered the Order in light of recent legal authority, examined Defendant's arguments regarding whether the putative class are "similarly situated" under the FLSA so as to warrant conditional certification as well as whether Summa was a proper class representative, and concluded that the conditional class certification was appropriate. Judge Lindsay declined to modify the class notice to potential class members.

to decide."); *Ruggles v. WellPoint, Inc.,* 591 F.Supp.2d 150, 156 (N.D.N.Y.2008) ("The issue of whether a United States Magistrate Judge had jurisdiction to hear [a motion for conditional class certification] and render a decision accordingly has been firmly resolved within this Circuit.") (citing cases); *Barrus v. Dick's Sporting Goods, Inc.,* 465 F.Supp.2d 224, 229 n. 1 (W.D.N.Y.2006) (same). Which is to say, Judge Lindsay's decision granting conditional certification of this action as a collective action for purposes of notice and discovery, and for allowing potential plaintiffs to opt-in to the case concerns a non-dispositive pretrial matter.

▮ This court reviews a magistrate judge's decision regarding a non-dispositive pretrial matter under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, " 'is left with the definite and firm conviction that a mistake has been committed' "; an order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure.' " *E.E.O.C. v. First Wireless Group, Inc.,* 225 F.R.D. 404, 405 (E.D.N.Y.2004) (quoting *Weiss v. La Suisse,* 161 F.Supp.2d 305, 320–21 (S.D.N.Y.2001)). This standard is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty,* 233 F.Supp.2d 418, 430 (E.D.N.Y.2002).

## II. Applicable Legal Principles Under the FLSA

Section 216(b) of Title 29 provides in pertinent part:

[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court or competent jurisdiction by any one or more employees for and in behalf of [her]self or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless [s]he gives [her] consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Thus, Section 216(b) of the FLSA provides a private right of action to an employee to recover unpaid minimum wages and/or overtime compensation from an employer who violates the Act's provisions, and permits such an action to be brought as a collective action. *Id.*; *see Gortat v. Capala Bros., Inc.,* No. 07–CV–3629 (ILG)(SMG), 2009 WL 3347091, at *8 (E.D.N.Y. Oct. 16, 2009). "Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of certifying a class." *Bifulco v. Mortgage Zone, Inc.,* 262 F.R.D. 209, 212 (E.D.N.Y.2009) (internal quotation marks and citations omitted).

▮ Courts employ a two-step process in certifying a collective action under the FLSA. *Bifulco,* 262 F.R.D. at 212 (citations omitted); *see Rubery v. Buth–Na–Bodhaige, Inc.,* 569 F.Supp.2d 334, 336 (W.D.N.Y.2008). During the first step of the FLSA collective action inquiry

the court examines pleadings and affidavits, and if the court finds that proposed class members are similarly situated, the class is conditionally certified; po-

tential class members are then notified and given an opportunity to opt-in to the action.... At the initial assessment stage, before discovery is completed, the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations. *Francis v. A & E Stores, Inc.*, No. 06 Civ. 1638(CLB)(GAY), 2008 WL 2588851 at *1–2 (S.D.N.Y. June 26, 2008) (internal quotation marks and citations omitted); *see Bifulco*, 262 F.R.D. at 212. "Importantly, the determination that potential plaintiffs are similarly situated is merely a preliminary one." *Bifulco*, 262 F.R.D. at 212; *see Barrus v. Dick's Sporting Good, Inc.*, No. 05–CV–6253 CJS, 2006 WL 3373117, at *2 (W.D.N.Y. Nov. 3, 2006) (same).

Neither the FLSA nor its implementing regulations define "similarly situated." *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y.1997). In this Circuit, "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.*; *see Bifulco*, 262 F.R.D. at 212 (same); *see also Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir.1978).

■ The second step of the inquiry generally occurs after the completion of discovery; "at that point, the court makes a factual finding based on the developed record as to whether or not the class members are actually similarly situated." *Bifulco*, 262 F.R.D. at 212. At this juncture, if discovery reveals that the plaintiffs are not similarly situated, then "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims." *Rubery v. Buth–Na–Bodhaige, Inc.*, 569

F.Supp.2d at 336 (internal quotation marks and citation omitted).

■ "Upon granting conditional certification, the court may authorize an FLSA plaintiff to provide written notice to potential plaintiffs of their right to join the action." *Gortat*, 2009 WL 3347091, at *8; *see Braunstein*, 600 F.2d at 336 (noting that the court's authority to send notice to "similarly situated" employees "comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits"). Unlike a class action brought pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), the FLSA requires that after receiving such notice, potential plaintiffs who seek to join the collective action must affirmatively opt-in by filing a written consent in order "to be bound by the judgment (and to benefit from it)." *Hoffmann*, 982 F.Supp. at 260; *see Francis v. A & E Stores, Inc.*, CV 06–1638(CLB)(GAY), 2008 WL 4619858 at *1 (S.D.N.Y. Oct. 16, 2008). Notably, in relation to the conditional certification of an action under the FLSA, "a named plaintiff in a collective action need not demonstrate other facts—numerosity, commonality, typicality, and adequacy of representation—which are required to bring a class action" under Rule 23. *Sexton v. Franklin First Fin'l, Ltd.*, No. 08–CV–4950 (JFB)(ARL), 2009 WL 1706535, at *4 (E.D.N.Y. June 16, 2009).

### III. The August 14, 2008 Order Regarding Conditional Certification was Neither Clearly Erroneous nor Contrary to Law

In objecting to the August 14, 2008 Order, Defendant raises five separate arguments relating to the conditional certification of the action. The Court rejects each of Defendant's arguments.

### A. The Plaintiffs and Other Potential Collective Action Plaintiffs were Similarly Situated as to a Common Policy or Plan that Violated the Law

Defendant first argues that conditional class certification was improperly granted because Plaintiffs failed to satisfy their burden of showing that they and proposed class members were similarly situated with respect to a common policy, plan or practice that violates the FLSA. Defendant's argument is without merit.

It is undisputed that this action is at the initial, preliminary certification stage. As discussed above, Plaintiffs' burden "at this initial stage is minimal, and generally courts in this Circuit require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Sobczak v. AWL Indus.*, 540 F.Supp.2d 354, 362 (E.D.N.Y.2007) (internal quotation marks and citations omitted); *see Gayle v. Harry's Nurses Registry, Inc.*, No. CV–07–4672 (CPS)(MDG), 2009 WL 605790, at *10 (E.D.N.Y. Mar. 9, 2009) ("This first review is merely a preliminary finding, and does not require a determination that the persons being notified are, in fact, similarly situated to the plaintiff. After discovery, the Court reviews the collective action certification more rigorously, at which point it may decertify the collective action if it determines that the plaintiffs are not similarly situated.") (internal quotation marks and citations omitted). "Courts do not require a named plaintiff to show an actual FLSA violation, but rather that a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs." *Id.* (internal quotation marks and citation omitted).

For purposes of conditional certification, Plaintiffs have sufficiently demonstrated a modest factual nexus between the named plaintiffs and the proposed putative class members to support a preliminary determination that they were victims of a common policy, plan or practice that violated the law, viz. Hofstra's common policy of classifying Undergraduate and Graduate Assistants as exempt or otherwise excluded from the provisions of the FLSA, resulting in the practice of permitting subminimum wage labor and/or unpaid overtime compensation for its Undergraduate and Graduate Assistants in violation of the FLSA. As Judge Lindsay pointed out, Plaintiffs presented sufficient evidence that "plaintiff and the potential plaintiffs held the same or similar positions, were subject to the same policies and were not paid the federal minimum wage and did not receive overtime compensation for hours worked in excess of 40 hours in any given week" in violation of the FLSA

Each of the named Plaintiffs submitted an affidavit alleging that she was denied proper compensation in violation of the FLSA while employed by Hofstra as an Undergraduate or Graduate Assistant. Each of the Plaintiffs averred that they were subject to Hofstra's stated policies regarding rates of pay, that Defendant did not enforce these policies and thus permitted them to work concurrently in more than one position without paying them the prevailing minimum wage and/or overtime compensation. Additionally, the lead plaintiff Summa identified seven other students who were likewise denied appropriate compensation as a result of Hofstra's failure to properly compensate students working simultaneously in multiple on-campus Undergraduate Assistant positions for hours worked beyond 40 in one week.[6]

---

**6.** Defendant's argument that Summa's affidavit and reference to these seven individuals in

After reviewing Judge Lindsay's findings at this preliminary stage that Plaintiffs have met their minimal burden of establishing they are similarly situated to a putative class of Undergraduate or Graduate Assistants who worked at Hofstra during the relevant period and who were subject to Hofstra's common practice of permitting unpaid overtime compensation and subminimum wage labor in violation of the FLSA as well as in violation of Defendant's company policies which were in accordance with the FLSA, the Court concludes that her findings were not clearly erroneous or contrary to law.

### B. Plaintiffs Have Presented Competent Evidence Supporting Conditional Certification

■ Defendant next argues that Judge Lindsay's ruling is contrary to law because Plaintiffs allegedly failed to provide competent evidence to establish that they and the other proposed class members were victims of a common policy that violates the FLSA during the class period, viz. August 2005 to the present. Defendant asserts that the collective action cannot be sustained because the opt-in Plaintiffs' claims are time-barred and therefore the information in their affidavits is not probative. According to Defendant, the opt-in Plaintiffs are subject to the two-year statute of limitations rather than the three-

year limitations period because there is no evidence suggesting a willful violation of the FLSA. Defendant's assertion is unavailing.

■ As correctly set forth in Judge Lindsay's Order, the statute of limitations applicable to a claim for unpaid minimum wages and/or unpaid overtime compensation under the FLSA is two years from the date that the claim accrued or three years from such date where the claim arises from a willful violation of the Act. 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999). In addition, the FLSA requires that employers post a notice explaining the Act's requirements "in conspicuous places ... where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4. The failure to post such notices advising employees of the right to earn minimum wage and overtime compensation equitably tolls the statute of limitations until an employee has actual notice of his or her rights under the FLSA. *See Jemine v. Dennis*, No. CV 2008–3072(RRM)(MDG), 2009 WL 837802, at *1 n. 1 (E.D.N.Y. Mar. 26, 2009); *Iglesias–Mendoza*, 239 F.R.D. at 369.

Judge Lindsay found that there was a factual dispute concerning whether Defendant posted the required FLSA notices,

her affidavit is insufficient to support conditional certification because it contains conclusory allegations and hearsay is unpersuasive. Courts regularly grant motions for approval of a collective action "based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." *Cano v. Four M Food Corp.*, No. 08–CV–3005 (JFB)(AKT), 2009 WL 5710143, at *5 (E.D.N.Y. Feb. 3, 2009); *see Wraga v. Marble Lite, Inc.*, No. 05 Civ. 5038(JG)(RER), 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006) (granting conditional certification based on complaint and single affidavit alleg-

ing failure pay overtime where plaintiff stated that he was aware, based on conversations, of at least eighteen others in a similar situation); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 91, 96 (S.D.N.Y.2003) (finding plaintiff demonstrated propriety of collective action notice based on a declaration identifying employees who were similarly situated); *see also Iglesias–Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (finding plaintiffs' met their burden based on their pleading and declarations to establish that they were subject to certain practices and to the best of their knowledge their experience was shared by other proposed class members).

and in determining the temporal scope of the class, she held:

> [g]iven this factual dispute, and in consideration of the burden to defendant in identifying the thousands of putative class members, the court rejects the six-year period proposed by plaintiff at this time. The court notes, however, that this time period may be subject to modification should further discovery prove that FLSA notices were not posted in accordance with the requirements of law.... The court finds that a three-year period is appropriate. The plaintiff has alleged willful conduct by Hofstra (Compl. ¶¶ 32, 42, 56) sufficient to support defining the class based on the three-year statute of limitations. *Iglesias–Mendoza,* 239 F.R.D. at 369 ("[W]here willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action.").

(Order, at 10.) Given that Plaintiffs have alleged willful conduct by Defendant, Judge Lindsay's finding that the three-year limitations period applied to the opt-in Plaintiffs' claims was appropriate.

The opt-in Plaintiffs filed written consent to join the action on September 4, 2007. The three year statute of limitations applicable to a claim for unpaid minimum wages and/or unpaid overtime compensation (where the claim arises from a willful violation of the Act) runs from a date three years prior to the date each opt-in plaintiff filed a written consent to join the action. Accordingly, the opt-in Plaintiffs' claims run from September 4, 2004 and is not limited by the August 2005 date which Judge Lindsay set for separate purposes, to wit, the limitation on notice for the putative class. Because each of the opt-in Plaintiffs' employment fell within with the relevant time period, their claims are not time barred. Accordingly, Judge Lind-

say's finding that the opt-in Plaintiffs' respective affidavits were probative of FLSA violations during the relevant time period to support conditional certification was proper.

## C. An Individualized Factual Inquiry For Each Putative Plaintiff Due To Their Diverse Positions Does Not Preclude Conditional Certification

Defendant argues that Judge Lindsay erred in granting conditional certification to a putative class comprised of students in a variety of diverse positions at the university, some of which may be exempt under the FLSA, because adjudication of their claims would require an individualized, fact-sensitive inquiry into whether each putative member was an employee under the FLSA. Defendant made this same argument before Judge Lindsay in its motion for reconsideration.

Judge Lindsay reconsidered Hofstra's argument that certain of the members of the putative class may be exempt under the FLSA because they were not "employees" within the definition of the FLSA, and acknowledged that in rendering her initial Order, she had not reached this argument because it required the court to "scrutinize the merits" of the action at the initial stage of the FLSA litigation. Upon reconsideration, Judge Lindsay agreed with Defendant that it was appropriate to examine this question at the initial stage of class certification because it is a threshold issue that goes to whether Summa has met her burden of showing that the putative class are "similarly situated" under the FLSA. *See Amendola v. Bristol–Myers Squibb Co.,* 558 F.Supp.2d 459, 467 n. 9 (S.D.N.Y. 2008). Judge Lindsay therefore reconsidered whether the putative class was similarly situated so as to warrant conditional certification based on Hofstra's arguments,

and in an Order dated December 24, 2008, she made the following findings:

The court notes that Summa has already excluded from the putative class any student volunteers or interns that would clearly be excluded from the FLSA.... As for the remaining undergraduate and graduate assistants, the burden rests with Hofstra to show that they are exempt from the FLSA. *See Havey v. Homebound Mortgage, Inc.,* 547 F.3d 158, 163 (2d Cir.2008) (citation omitted). The Supreme Court has stated that "the FLSA ... defines an 'employee' to include 'any individual employed by an employer,' it defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 [112 S.Ct. 1344, 117 L.Ed.2d 581] (1992) (citing 52 Stat. 1060, § 3, codified at 29 U.S.C. §§ 203(e), (g)). The Supreme Court further noted the "striking breadth" of this definition, which "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Id.* (citing *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 728 [67 S.Ct. 1473, 91 L.Ed. 1772] (1947)).

Hofstra argues that some or all of the putative class are trainees or students and not employees pursuant to *Walling v. Portland Terminal Co.,* 330 U.S. 148 [67 S.Ct. 639, 91 L.Ed. 809] (1947), and the so-called "*Walling* factors" that were established by the Wage and Hour Division of the Department of Labor. This test states that:

Whether trainees or students are employees of an employer under the Act will depend upon all of the circumstances surrounding their activities on the premises of the employer. If *all* of the following criteria apply, the trainee or students are not employees within the meaning of the Act:

(1) the training, even though it includes actual operation of the facilities of the employer, is similar to that which would be given in a vocational school;

(2) the training is for the benefit of the trainees or students;

(3) the trainees or students do not displace regular employees, but work under their close observation;

(4) the employer that provides the training derives no immediate advantage from the activities of the trainees or students; and on occasion his operations may actually be impeded;

(5) the trainees or students are not necessarily entitled to a job at the conclusion of the training period; and

(6) the employer and the trainees or students understand that the trainees are not entitled to wages for the time spent in training.

.... The court notes that Hofstra, which relied heavily on the *Walling* factors in its memorandum of law in opposition to Summa's motion for conditional class certification, failed to address the fact that this test requires that *all* six factors must be met for a student to be classified as not an employee.

Based upon the current record, and for the reasons stated in the Order, Hofstra has not met its burden in showing that the putative class would fail this test. Of course, nothing precludes Hofstra at the appropriate time from making a motion to exclude class members in the form of a motion for summary judgment.... In keeping with the spirit and purpose of the FLSA, such a determination would best be made at the close of discovery with the benefit of a fully developed record. The court thus exercises its discretion and again finds that

conditional class certification is appropriate.

*(Order,* dated December 24, 2008, at 4–6.)

■■■ Keeping in mind the preliminary posture of this litigation as well as the broad, remedial purposes of the FLSA, the fact that the putative class involves a variety of diverse positions at Hofstra and requires an individualized inquiry into each putative class member does not undermine the conditional certification of the class since "under section 216(b) parties may be similarly situated, despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice." *Colozzi v. St. Joseph's Hosp. Health Ctr.,* 595 F.Supp.2d 200, 207 (N.D.N.Y.2009). Here, Judge Lindsay conditionally certified the class because she found that despite the variations of job positions, the complaint and the affidavits established a sufficient factual nexus between the Plaintiff and the putative class members that they were similarly situated employees and subject to the same policies that violated the FLSA. Upon reconsideration of her Order, Judge Lindsay found that Defendant had failed to meet its burden to show that any member of the putative class was exempt from the FLSA. *See Havey,* 547 F.3d at 163 ("[B]ecause the FLSA is a remedial act, its exemptions ... are to be narrowly construed, and the burden rests with the employer to prove that a particular employee is exempt from the Act's requirements.") (internal quotation marks and citation omitted). In short, the Court rejects Defendant's objection that conditional certification was inappropriate because the class comprised of students employed in diverse positions and required individualized factual inquiries to determine whether or not they were exempt from the FLSA.

**D.** ***The Magistrate Judge's Failure to Consider Issues Related to the Merits of the Action With Regard to Whether the Putative Plaintiffs were Employees is Moot***

As discussed above, Defendant's objection relating to Judge Lindsay's failure to consider issues related to the merits of this action with respect to whether Plaintiff and the proposed putative class members were exempt from the FLSA or were considered "employees" subject to the FLSA was addressed in Judge Lindsay's Order on the motion for reconsideration, dated December 24, 2008. Upon reconsideration, Judge Lindsay agreed with Defendant that it was appropriate to examine the merits related to this question at the initial stage of class certification and indeed reconsidered Hofstra's arguments in light of this standard regarding whether the putative class were similarly situated so as to warrant conditional certification. Accordingly, Defendant's objection to the Order on this basis is moot.

**E.** ***Conditional Certification of the Class of Undergraduate and Graduate Assistants was Appropriate***

Defendant urges that to the extent any class is conditionally certified, the class be limited to students who held the position of Football Team Managers. Because of the distinct nature of the duties and responsibilities of Football Team Managers as compared to other student assistant positions, Defendant maintains that Plaintiffs and the putative class members cannot be similarly situated.

Defendant's argument that the named Plaintiffs were not "similarly situated" to the proposed class members because the duties of the Football Team Manager are wholly dissimilar from that of other undergraduate and graduate assistant positions (such as that of a resident assistant, a

student mentor, an orientation counselor) is analogous to an argument rejected by the court in *Iglesias–Mendoza*, 239 F.R.D. at 368. The defendants in *Iglesias–Mendoza* argued that the named plaintiffs were not "similarly situated" to the proposed class members because, with the exception of one employee who had worked briefly as a butcher, all of the named plaintiffs had worked exclusively as duck feeders at one of Defendants' multiple poultry facilities, La Belle Farm, while other workers in the proposed class worked in defendants' other poultry facilities performing different tasks. *Id.* There, defendants maintained that plaintiffs could not allege a common practice or policy with respect to the non-duck feeder workers who worked at defendants' other poultry facilities because duck feeding was a unique job "with different work schedules and requirements," and urged the court to limit a collective action to employees of defendants' duck feeding operations at La Belle Farm. *Id.* The court declined to do so stating:

> Defendants are incorrect. Only very limited discovery has taken place to date in this action. The plaintiffs rely, as they are entitled to do at this stage of the proceedings, on the pleadings and their own declarations. Plaintiffs have easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class. Whether plaintiffs' evidence will suffice to survive a motion for summary

judgment or to carry their burden at trial will become apparent in due time and in light of full discovery. For the moment, the factual variations defendants rely on do not undercut plaintiffs' allegations of common wage and overtime practices that violate the FLSA.

*Id.*; *see also Colozzi*, 595 F.Supp.2d at 207 ("By all accounts the members of the group which plaintiffs ask the court to preliminarily certify occupy literally hundreds of job positions some of which involve patient care responsibilities, while others do not. This, of course, does not necessarily undermine plaintiff's motion since under section 216(b) parties may be similarly situated, despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice"). Likewise, as Judge Lindsay found in the case at hand and as discussed above, Plaintiffs have made a modest factual showing that Plaintiffs and the potential collective action members were victims of a common wage and overtime compensation practice that violated the FLSA, and thus were similarly situated. That there are variations in positions and job functions do not, at this preliminary stage, change the result. Under these circumstances, Judge Lindsay's determination that conditional certification was proper cannot be labeled clearly erroneous or contrary to law.

In summary, Defendant has presented no persuasive argument that Judge Lindsay's August 14, 2008 Order with respect to the conditional certification was either clearly erroneous or contrary to law.[7] Ac-

---

**7.** Defendant's proffer of a recent decision, *Eng–Hatcher v. Sprint Nextel Corp.*, No. 07–7350(BSJ)(KNF) (S.D.N.Y. Nov. 13, 2009), to support its position that conditional certification was inappropriate does not change this result. *See Bloom Letter*, dated December 1,

2009. Significantly, in contrast to the instant matter, (i) the plaintiff in *Eng–Hatcher* made her motion for preliminary certification after having engaged in extensive discovery, including hundreds of documents and several depositions, regarding whether the plaintiff

cordingly, Defendant's objections are denied.

## IV. The August 14, 2008 Order Regarding the Court–Approved Notice May Have Overlooked Defendant's Request to Submit a Proposed Notice

■ In objecting to the August 14, 2008 Order with respect to the court-approved FLSA notice, Defendant argues that Judge Lindsay erred in failing (i) to afford Hofstra an opportunity to submit a proposed notice of the collective action for her review, and (ii) to modify the approved notice to conform to the scope of the conditionally certified class.[8]

■ Under the FLSA, the content of the notice to be provided to potential class members is left to the broad discretion of the district court. *Garcia*, 678 F.Supp.2d at 94–95. "Courts consider the overarching policies of the collective suit provisions and whether the proposed notice provides accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." *Id.* (internal quotation marks and citations omitted) (alteration in original).

Plaintiffs submitted a proposed notice that was directed to "present and former

employees of Hofstra University employed in the position of Undergraduate or Graduate Assistant within the last six years." In her Order, Judge Lindsay approved the proposed notice with one modification, to wit, the reduction of the period of time from the proposed six years to three years. In so doing, Judge Lindsay stated that "Defendant does not object to the form of the plaintiff's submission," and approved Plaintiff's proposed notice except as to the reduced notice period. (Order at 11.) Defendant objected to the approved notice and moved for reconsideration.

Upon reconsideration, Judge Lindsay held:

As stated in the Order, the court has broad discretion to determine the form of the notice and its specific provisions, and Hofstra failed to object to Summa's proposed notice. (*See* Docket Entry 50 at 11.) Hofstra has not shown that the court overlooked any controlling law or facts, and essentially uses the motion for reconsideration as a vehicle to raise new arguments for the first time. Further, even if the court were to now consider these arguments, the court is convinced that the notice is a proper exercise of its discretion. *See Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 [110 S.Ct. 482, 107 L.Ed.2d 480] (1989) ("By monitoring preparation and distribution

---

was similarly situated to other prospective plaintiffs; (ii) the plaintiff sought to represent a nationwide class of employees covering 1,200 different locations; and (iii) the plaintiff failed to identify a common unlawful policy, plan or practice employed by defendants that was common to plaintiff and all the proposed class members. *Id.*

8. In her Order, Judge Lindsay conditionally certified a class consisting of "all Hofstra Undergraduate or Graduate Assistants within the past three years *who did not receive the prevailing minimum wage and/or overtime compensation.*" (Order, dated August 14, 2008, at 10) (emphasis supplied.) The pro-

posed notice and consent form to be sent out to potential plaintiffs which was annexed to Plaintiffs' underlying motion papers stated that the notice was directed to "Present and former employees of Hofstra University employed in the position of Undergraduate and Graduate Assistant within the last six years," which Judge Lindsay reduced the time period to three years. (*Id.* at 11.) The proposed notice did not limit the potential class to those assistants "who did not receive the prevailing minimum wage and/or overtime compensation," as set forth in Judge Lindsay's conditional certification of the class.

of the notice, a court can ensure that it is timely, accurate, and informative."). The notice ensures that any potential class members will receive an opportunity to opt-in, and the notice is not so overly broad as to create confusion or an undue burden upon Hofstra. Accordingly, Hofstra's motion is denied.

(Order, dated December 24, 2008 at 8.)

Defendant argues that contrary to Judge Lindsay's findings that Defendant had failed to object to Plaintiffs' proposed notice in her Order, dated August 14, 2008 and in her Order on the motion for reconsideration, dated December 24, 2008, Hofstra expressly requested the right to submit a proposed notice and therefore should have been afforded the opportunity to submit a proposed notice to Judge Lindsay.

A review of the record reveals that buried in a footnote in its opposition papers to Plaintiffs' motion to conditionally certify a collective action pursuant to the FLSA and for an order directing Defendant to furnish plaintiff with names of putative class members and authorizing notice, Defendant stated:

> Even if the Court were to grant notice, it should be limited to Athletic Team Managers as Plaintiffs have submitted no evidence demonstrating that other student assistants were similarly situated with respect to the alleged misclassification. *See Sherrill v. Sutherland Global Servs., Inc.,* 487 F.Supp.2d 344, 350 (W.D.N.Y.2007) (granting notice but limiting it to telemarketing employees at each of the employer's call centers where Plaintiffs had not demonstrated that the alleged illegal policy affected hourly employees other than the telemarketing agents). Defendant requests the right to submit a proposed notice if the Court decides any notice is appropriate.

(Def.'s Opp. to Pl.'s Mot. Directing Def. to Provide Pl. with Names of Putative Class Members and Authorizing Notice, at 16 n. 3.) In addition, in its reply memorandum of law in support of its motion for reconsideration of the August 14, 2008 Order, Defendant stated:

> The very basis of Hofstra's opposition to Plaintiffs' motion for conditional class certification was (and is) that the proposed class was inappropriate; obviously, in opposing Plaintiffs' motion, Hofstra also objected to the proposed notice that reflected the class as defined by Plaintiffs. Of course, there is no way for Hofstra to object to the notice the Court ultimately would approve until the Court had decided the motion, and therefore, in its brief in opposition to Plaintiffs' motion (at n. 3), Hofstra expressly reserved the right to submit a proposed notice in the event that the Court granted Plaintiffs' motion. However, the Magistrate Judge did not afford Hofstra the opportunity to do so, instead deciding the motion and approving Plaintiffs' proposed notice in a single Order.

(Def.'s Reply Mem. of Law in Further Supp. of Def. Hofstra University's Objections to Mag. Judge Lindsay's August 14, 2008 Order, at 10.)

While Defendant did not formally object to Plaintiff's proposed order or supply its own proposed notice in the event that the action was conditionally certified, in a footnote in its brief in opposition to the original motion, Defendant did "request[ ] the right to submit a proposed notice" in the event the court granted the motion for conditional certification and found such notice appropriate. Despite the fact that counsel would have been better served by drawing attention to this request in the body of Defendant's opposition papers, in the interest of justice the Court will con-

strue the request as an "objection" to Plaintiffs' proposed notice that was proffered with Plaintiffs' motion for conditional certification so that consideration may be given to, inter alia, whether the notice should be modified to conform to the scope of the class conditionally certified by Judge Lindsay. Thus, to the extent that Judge Lindsay, in fashioning the approved notice, may have overlooked Defendant's request to submit a proposed notice contained in footnote 3 of Defendant's opposition papers, the Court construes this "objection" as a motion for reconsideration on this issue and remits the matter to Judge Lindsay for a determination.

### CONCLUSION

For the foregoing reasons, Defendant's objections are denied and Judge Lindsay's August 14, 2008 Order is affirmed with one exception: to the extent that Judge Lindsay may have overlooked Defendant's request to submit a proposed notice of the collective action when she approved Plaintiff's proposed notice, the matter is remitted to Judge Lindsay for her reconsideration of this issue.

**SO ORDERED.**