Raymond P. CORKREY and Megan Flom–Corkrey, Plaintiffs,

v.

INTERNAL REVENUE SERVICE,[1] Defendant.

No. 98–CV–1963 TJM/DRH.

United States District Court, N.D. New York.

March 2, 2000.

Philip J. Vecchio, East Greenbush, New York, for plaintiffs.

Hon. Daniel J. French, United States Attorney for the Northern District of New York, Syracuse, New York, for defendant.

Karen Wozniak, Trial Attorney, Tax Division, Civil Trial Section, Northern Region, United States Department of Justice, Washington, DC, for defendant.

1. The caption of defendant's pleading lists "United States of America" rather than the IRS as the defendant. However, the Clerk's docket continues to list the IRS as the defendant and the defendant will be referred to herein as the IRS.

## MEMORANDUM—DECISION AND ORDER

HOMER, United States Magistrate Judge.

Defendant Internal Revenue Service ("IRS)" has moved for an order extending the deadline for filing dispositive motions by six weeks. For the reasons which follow, that motion is denied.

### I. Background

Plaintiffs Raymond P. Corkrey and Megan Flom–Corkrey commenced this action on December 18, 1998 challenging a levy by the IRS. Docket No. 1. The IRS answered on February 17, 1999. Docket No. 3. A conference was held pursuant to Fed.R.Civ.P. 16 on April 7, 1999 with both counsel. On April 8, 1999, a Uniform Pretrial Scheduling Order was entered establishing the dates for the progression of the case. Docket No. 5 ("UPSO"). The deadline for filing dispositive motions was set at February 1, 2000. UPSO, ¶ 7.[2] On November 29, 1999, the deadline for filing dispositive motions was extended at the request of the parties to March 1, 2000. Docket No. 19. The IRS now seeks a further extension of that deadline to April 14, 2000.

### II. Discussion

The IRS contends that the extension they seek is authorized by Fed.R.Civ.P. 6(b), which provides that deadlines established by the rules generally may be enlarged

(1) with or without motion or notice order ... if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period [to] permit the act to be done where the failure to act was the result of excusable neglect....

However, it is not the requirements of Rule 6(b) but the "good cause" standard of Rule 16(b) which governs this motion. The scheduling order which the IRS seeks to modify

2. In their joint Case Management Plan, the parties had requested a motion filing deadline of December 7, 1999. Docket No. 4, ¶ 4. That deadline was extended by two months during the conference.

was entered pursuant to Rule 16(b). That rule specifically provides that "[a] schedule shall not be modified except upon a showing of good cause...." *See also* N.D.N.Y.L.R. 16.1(f) ("Deadlines instituted by the court in any case management order shall be strictly enforced and shall not be modified by the court, even upon stipulation of the parties, except upon a showing of good cause"); UPSO, ¶ 1 (same). Because the rule which authorized the scheduling order contains a specific provision governing the relief sought here, it is that rule which governs the motion of the IRS rather than Rule 6(b). *See Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 448 (W.D.N.Y.1997) (holding that Rule 16(b) rather than Rule 6(b) governs motions to extend scheduling deadlines); *see also Julian v. Equifax Check Services, Inc.*, 178 F.R.D. 10, 15 (D.Conn.1998) (holding that filing motion for summary judgment "at any time" in Fed.R.Civ.P. 56 limited by "good cause" standard of Rule 16(b)).

It is unclear from the motion of the IRS whether it seeks the extension under the first subpart of Rule 6(b) within the existing deadline or the second subpart where the deadline has already passed. Its motion was received on March 1, 2000, the motion deadline now in effect. However, under N.D.N.Y.L.R. 7.1(b)(1), any such motion must have been served at least twenty-one days prior to the filing deadline. *See also* UPSO, ¶ 7(b) (notice to litigants of the requirements of the local rules). Therefore, the IRS was required to have served its motion no later than February 8, 2000 to permit timely filing. Thus, when the motion of the IRS to enlarge the time was received on March 1, 2000, it was already beyond the deadline for service of a motion and, if Rule 6(b) did apply, the IRS would thus have to satisfy the "excusable neglect" requirement of Rule 6(b)(2).

A difference exists in the standards for "excusable neglect" and for "good cause." *See Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir.1996) (" 'good cause' requires a greater showing than 'excusable neglect.' "). At a minimum, however, both standards require a showing by the moving party of an objectively sufficient reason for extending a deadline. For purposes of Rule 16(b), " 'good cause' requires 'the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' " *Robinson v. Town of Colonie*, No. 91–CV–1355, 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993) (McCurn, J.); *see also Julian v. Equifax Check Services, Inc.*, 178 F.R.D. at 16; *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 301 (D.Kan.1996).

The inquiry focuses on the moving party's reason for requesting the extension. *Julian v. Equifax Check Services, Inc.*, 178 F.R.D. at 16. Factors *not* relevant to the question of good cause include the length of time since the deadline passed, *compare Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257–58 (5th Cir.1997) (finding no good cause to extend deadline for disclosure of expert witnesses where motion filed ten days after deadline had passed), *and Geiserman v. MacDonald*, 893 F.2d 787, 790–91 (5th Cir.1990) (same where motion filed two weeks after deadline had passed), *with Deghand v. Wal–Mart Stores, Inc.*, 904 F.Supp. 1218, 1220–21 (D.Kan.1995) (good cause where motion to amend pleading filed twelve weeks after deadline had passed), *and Robinson v. Town of Colonie*, 1993 WL 191166, at *5 (same where motion filed one year after deadline had passed); and whether the non-moving party will be prejudiced if the motion is granted. *See Lory v. General Elec. Co.*, 179 F.R.D. 86, 88–89 (N.D.N.Y. 1998). Nor will the mistake or inadvertence of counsel support a finding of good cause. *See Broitman v. Kirkland*, 86 F.3d at 175; *Lory v. General Elec. Co.*, 179 F.R.D. at 88; *Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. at 448. However, events occurring after the entry of a scheduling order which were reasonably unforeseeable may suffice to establish good cause. *See, e.g., Deghand v. Wal–Mart Stores, Inc.*, 904 F.Supp. at (holding that discovery of ground for additional cause of action ten weeks after deadline had passed for amendment of pleadings established good cause for extension); *Robinson v. Town of Colonie*, 1993 WL 191166, at *3 (finding good cause to extend deadline to amend pleadings one year after deadline had passed where party learned of basis for amendment during discovery).

The IRS offers no reasons whatsoever why its motion could not have been served and filed within the existing deadline. Its motion here states only that its dispositive motion is likely to prevail, it is in the process of preparing the motion, the motion likely will save the parties and the Court time and expense, and plaintiffs do not oppose its request for an extension. No ground approaching good cause, or even excusable neglect, is offered. The fact that a dispositive motion may well save time and expense does not provide a reason for needing an extension; if true, it only makes more regrettable the failure of the IRS to file a timely motion. The fact that plaintiffs have not opposed the instant motion also affords no cause. *See* N.D.N.Y.L.R. 16.1(f) ("Deadlines ... shall not be modified by the court, *even upon stipulation of the parties*, except upon a showing of good cause") (emphasis added); UPSO, ¶ 1 (same emphasized in boldfaced, capital letters).

The record here confirms the absence of sufficient cause to grant the motion of the IRS. Counsel was orally advised by the undersigned at the scheduling conference on April 7, 1999 that the deadlines were firm and would not be extended except upon a showing of good cause.[3] The time requirements of N.D.N.Y.L.R. 7.1(b)(1) were also discussed. The firmness of the deadlines, the need to establish good cause for their extension, and the time requirements for filing dispositive motions were restated in the UPSO filed the next day. All are similarly set forth in the civil and local rules of procedure. *See* Fed.R.Civ.P. 16(b); N.D.N.Y.L.R. 7.1(b)(1) & 16.1(f). Counsel were reminded of the deadlines and that the deadlines were firm and would not be extended absent a showing of good cause in a letter from the undersigned dated July 22, 1999. Docket No. 17 (stating in boldfaced type in the first paragraph that "[t]his Court intends to adhere to the ... Rule 16 deadlines and will not, absent extraordinary circumstances, entertain any requests or stipulations for extensions"). During a telephone conference with

counsel on November 23, 1999, a request to extend the motion filing deadline was granted. Docket No. 19. During that same conference, however, counsel was again reminded by the undersigned that the amended deadline was firm and that the local rules required that any dispositive motion be served at least twenty-one days prior to the motion filing deadline.

From a plethora of sources, then, the IRS was on notice that the deadline it now seeks to extend required service of its motion at least twenty-one days prior to that deadline, the deadline was firm, and the deadline would only be extended upon a showing of good cause. The IRS has failed to establish such good cause in the circumstances presented here. Accordingly, its motion to extend the deadline for filing dispositive motions is denied.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Internal Revenue Service for an order extending the deadline for filing dispositive motions is **DENIED.**

**IT IS SO ORDERED.**

---

**3.** Counsel for the IRS at that conference was subsequently replaced by a second attorney. Docket No. 6. At some point prior to a telephone conference with the Court on November 23, 1999, a third attorney appeared on behalf of the

IRS and filed the motion at issue herein. The IRS makes no contention, as well it could not, that an extension of the deadline was necessitated by either change of attorneys assigned to this case.