Sarah **KUNSTLER**, et al., Plaintiffs,

v.

**THE CITY OF NEW YORK,**
et al., Defendants.

**No. 04 Civ. 1145 RWS.**

United States District Court,
S.D. New York.

May 14, 2007.

Emery Celli Brinckerhoff & Abady LLP, by Sarah Netburn, Matthew D. Brinckerhoff, Mariann Meier Wang, Center for Constitutional Rights, by Shane Kadidal, Rachel Merropol, Matthew Strugar, New York, New York, for Plaintiffs.

Michael A. Cardozo by Elizabeth W. Dollin, New York, New York, for Defendants.

## OPINION

SWEET, District Judge.

Defendants, the City of New York and the fifty-two individually named members of the New York City Police Department ("NYPD") (referred to collectively as the "Defendants"), have objected to Magistrate Judge Michael H. Dolinger's August 29, 2006 Memorandum & Order, *Kunstler v. City of New York,* 04CIV1145(RWS)(MHD), 2006 WL 2516625 (S.D.N.Y. Aug. 29, 2006) (the "August 29 Order"), pursuant to Rule 72(a), Fed.R.Civ.P. The August 29 Order denied Defendants' motion for additional discovery on the alleged emotional and physical damages of some of the fifty-two plaintiffs (the "Plaintiffs") and for an order compelling independent medical examinations ("IMEs") of some of the plaintiffs. In addition, the Defendants have moved for an order, pursuant to Rule 37(c)(1), Fed.R.Civ.P., precluding the Plaintiffs from proffering any evidence at trial as to any of their physical or emotional injuries.

Having reviewed the August 29 Order and considered the Defendants' objections, the objections are overruled, the August 29 Or-

der is affirmed in its entirety, and the Defendants' Rule 37(c)(1) motion is denied.

### Prior Proceedings

This action was initiated by the filing of a complaint on February 11, 2004, on behalf of the Plaintiffs alleging false arrest, malicious prosecution, and, in certain instances, excessive force arising out of arrests made in the course of a demonstration on April 7, 2003. Discovery proceeded and the August 29 Order ruled upon the discovery disputes then presented.

The objections to the August 29 Order and the Rule 37 motion were heard and marked fully submitted on October 18, 2006.

### Discussion

**1. The Defendants' Objections to the August 29 Order Are Overruled**

Under Rule 72(a), Fed.R.Civ.P., a district court judge reviewing objections to a magistrate judge's order "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

The August 29 Order is a comprehensive, careful review of the issues presented and the relevant authorities. It dealt with the Defendants' requests for: (1) medical treatment records; (2) independent medical examinations ("IMEs"); (3) compliance with Interrogatory 4; and (4) mental health treatment records and deposition testimony about such treatment, the waiver of the privilege associated with such records, and the application of Rule 26(c), Fed.R.Civ.P., to such records. The analysis required consideration of the particular requests and particular plaintiffs involved.

**a. Medical Treatment Records**

Judge Dolinger concluded that the Plaintiffs have represented that all records of physical injuries have been produced and that the Defendants have not contradicted this representation.

**b. Independent Medical Examinations (IMEs)**

Judge Dolinger noted that the Defendants seek physical examinations of Ms. Brown, Ms. Andrews, and Mr. Posteraro. Since all three of these plaintiffs testified that their injuries were healed within a period of one week to four months, Judge Dolinger concluded that good cause under Rule 35(a), Fed.R.Civ.P., had not been established for ordering these IMEs.

As to the mental health examinations of the five plaintiffs sought by the Defendants, Judge Dolinger noted that two of the plaintiffs had received treatment years before the incident and there is no evidence that they are claiming any ongoing, serious psychological maladies. A third plaintiff who was undergoing treatment at the time of the incident waived her privilege, as did a fourth plaintiff. Judge Dolinger concluded that the fifth plaintiff, who invoked her privilege as to treatment but testified as to her emotional injuries, did not claim to be suffering from significant psychological injury. Therefore, Judge Dolinger concluded that good cause for ordering these IMEs also had not been established. *See also infra.*

**c. Interrogatory 4**

Interrogatory 4 requested identification of all physical and emotional injuries and a description of all treatment received, including the date(s) of such treatment, exact nature of the treatment, name(s) of any medications prescribed and the individuals or other providers who rendered the treatment. According to Judge Dolinger, the information sought is presumptively excluded by Local Civil Rule 33.3, with the exception of Defendants' request for the identification of medical providers. Judge Dolinger ordered the Plaintiffs to identify any pertinent healthcare providers within seven days of the August 29 Order.

**d. Mental Health Records and Depositions**

Judge Dolinger reviewed the implications and issues surrounding *Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135

L.Ed.2d 337 (1996), and the privilege existing between patient and psychotherapist, including the issue of waiver. Judge Dolinger observed a distinction between a serious psychological injury and an emotional injury that a well-adjusted person could be expected to suffer in like circumstances, a so called "garden variety" distress claim. Judge Dolinger concluded that there was no general at-issue waiver and that, with the possible exception of Ms. Heinz, the Plaintiffs' claims were all of the "garden variety" from which waiver would not arise. As to Ms. Heinz, Judge Dolinger concluded her testimony amounted to nothing more than an expression of anger. He also noted that the Plaintiffs have represented that they will not present any mental health experts at trial. In addition, Judge Dolinger concluded that striking the balance required under Rule 26(c), Fed.R.Civ.P., the Defendants had not established the justification for turning over sensitive psychological information.

Judge Dolinger's nuanced and careful analysis of the requirements for waiver, particularly after the psychotherapist privilege enunciated in *Jaffee*, represents the appropriate view of the issue and the authorities. The reasoning and the determination of fairness set forth in *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D.Wash.1975), as cited by Judge Dolinger and the Court of Appeals for the Second Circuit in *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991), is compelling.

The Defendants have cited *Hershey–Wilson v. City of New York*, 05 Civ. 7026(KMK)(JCF), 2006 WL 2714709 (S.D.N.Y. Sept. 20, 2006), another demonstration case arising from a different demonstration, as supporting a waiver of the psychotherapist privilege by the assertion of emotional distress. Even the *Hershey–Wilson* court, however, indirectly acknowledged that "'the courts have not developed a consistent approach to whether and when waiver is properly inferred' where a plaintiff has asserted so-called 'garden variety' emotional distress." (Defs.' Reply Mem. 13 (quoting *Hershey–Wilson*, 2006 WL 2714709, at *1 (quoting *Greenberg v. Smolka*, No. 03 Civ. 8572, 2006 WL 1116521 (S.D.N.Y. Apr. 27,

2006))).) Although the *Hershey–Wilson* court declined to reconsider its decision based on the subsequent, contrary determination reached in *Greenberg*, the decision in *Hershey–Wilson* is no more controlling than that in *Greenberg*. See, e.g., *Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, 450 (N.D.N.Y.2000) (holding that "a party does not put his or her emotional condition in issue by merely seeking incidental, 'garden variety,' emotional distress damages").

In summary, the Defendants' principal contention is that the emotional injuries claimed by the Plaintiffs are not "garden variety," citing cases where examination and records have been compelled or the claim of injury was such as to constitute a waiver of the psychotherapist privilege. Judge Dolinger considered the authorities and struck the correct balance, a balance which will be maintained at trial. No expert testimony will be permitted to be offered at trial as to any emotional damage suffered by a plaintiff, and claims of emotional distress will be limited in time.

### 2. The Defendants' Rule 37 Motion Is Denied

■ Federal Rule of Civil Procedure 37(c)(1) provides that:

[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed.R.Civ.P. 37(c)(1). The rule is designed "to avoid 'surprise' or 'trial by ambush.'" *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y.2002) (quoting *Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F.Supp.2d 1045, 1061 (D.Minn.1999), *aff'd in relevant part*, 290 F.3d 1364 (Fed.Cir.2002)).

■ The sanction of preclusion under Rule 37(c)(1) is "automatic absent a determination of either substantial justification or harmlessness." *Id.* (citations omitted). Substantial justification means "justification to a degree that could satisfy a reasonable person

that parties could differ as to whether the party was required to comply with the disclosure request." *Id.* (quoting *Henrietta D. v. Giuliani*, No. 95 Civ. 0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)). "The test of substantial justification is satisfied 'if there exists a genuine dispute concerning compliance.'" *Id.* (quoting *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D.Kan.1995)). The burden of proving substantial justification rests with the party which has failed to disclose information. *Id.* (citing *Wright v. Aargo Sec. Servs., Inc.*, 99 Civ. 9115, 2001 WL 1035139, at *2 (S.D.N.Y. Sept. 7, 2001)).

 Despite the "automatic" nature of Rule 37(c)(1), "the imposition of sanctions under the rule is a matter within the trial court's discretion." *Id.* (quoting *Jockey Int'l, Inc. v. M/V "Leverkusen Express"*, 217 F.Supp.2d 447, 452 (S.D.N.Y.2002)). Further, "[p]reclusion of evidence is generally a disfavored action." *Id.* The preclusion of evidence not disclosed in discovery is "a drastic remedy and will apply only in situations where the failure to disclose represents ... flagrant bad faith and callous disregard of the rules." *Johnson Elec. N. Am., Inc. v. Mabuchi M. Am. Corp.*, 77 F.Supp.2d 446, 458 (S.D.N.Y.1999).

Substantial justification having been established, the motion is denied.

### Conclusion

According to the foregoing analysis, the Defendants' objections to the August 29 Order are overruled and the Order is affirmed in its entirety. To the extent that Plaintiffs have not complied with the direction in the August 29 Order to identify all pertinent health care providers, such information or an indication that there are no such pertinent health care providers shall be provided to the Defendants. Consistent with the August 29 Order, no expert testimony will be permitted to be offered at trial as to the emotional damages suffered by any plaintiff, and claims of emotional distress will be limited in time. As to the preclusion of all other evidence of Plaintiffs' alleged physical and emotional in-

juries, Defendants' motion pursuant to Rule 37(c)(1), Fed.R.Civ.P., is denied.

It is so ordered.