**Robin SHEMENDERA, Plaintiff,**

v.

**FIRST NIAGARA BANK N.A., Defendant.**

**No. 12–CV–00178(S)(M).**

United States District Court,
W.D. New York.

Dec. 27, 2012.

Christina A. Agola, Ryan Charles Woodworth, Christina Agola PLLC, Brighton, NY, for Plaintiff.

Joshua Isaac Feinstein, Hodgson Russ LLP, Buffalo, NY, for Defendant.

## DECISION AND ORDER

JEREMIAH J. McCARTHY, United States Magistrate Judge.

This action has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings [9].[1] Before me is plaintiff's motion for a 60–day extension of the deadline for completing fact depositions [17]. Having reviewed the motion, I conclude that answering papers are unnecessary. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff commenced this action on February 24, 2012, alleging violations of the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*) and the New York State Human Rights Law (N.Y. Executive Law § 290 *et seq.*). Complaint [1]. Following a scheduling conference on June 22, 2012[12], with the parties' consent I issued a Case Management Order which required that "[a]ll fact discovery shall be completed no later than December 21, 2012" ( [13], ¶ 7), and further stated that "[n]o extension of the above ... dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension" (*id.*).

---

1. Bracketed references are to CM–ECF docket entries.

On June 23, 2012, plaintiff served notices to take the depositions of several representatives of defendant "on a date to be determined by the parties". Woodworth Declaration [17–2], Ex. A. On the morning of December 21, 2012 (the deadline for completion of fact discovery), plaintiff's attorney e-mailed defendant's attorney, requesting his "consent to a brief extension of time for the plaintiff to complete discovery with the fact depositions of Beth Niedrauer, Mike McKay, and Andrea Dickerson, which were noticed on June 23, 2012", and suggesting dates in January and February, 2013. *Id.,* Ex. B. Defendant's attorney responded shortly thereafter, stating "I cannot consent because I believe your request is unreasonable given the procedural circumstances of this case.... [T]he plaintiff up until today-the very day on which discovery is closing-has made no effort whatsoever to schedule depositions, despite indicating an intent to depose these individuals six months ago.... [T]here is no good cause to extend discovery now at the eleventh hour. The parties have had ample time to conduct discovery". *Id.,* Ex. C.

This motion was filed later that day.

## ANALYSIS

Plaintiff argues that her "Motion for an Enlargement of Time Should Be Granted as per Fed.R.Civ.P. ["Rule"] 6(b)." Plaintiff's Memorandum of Law [17–1], Point I. "However, it is not the requirements of Rule 6(b), but the 'good cause' standard of Rule 16(b) which governs this motion." *Corkrey v. Internal Revenue Service,* 192 F.R.D. 66, 67 (N.D.N.Y.2000); *Carpenter v. Churchville Greene Homeowner's Association,* 2011 WL 4711961, *4 (W.D.N.Y.2011) (Payson, M.J.), *adopted,* 2011 WL 6012539 (W.D.N.Y.2011) (Telesca, J.) ("Rule 16(b), not 6(b), applies to scheduling order deadlines").

Rule 16(b)(4) provides that "[a] schedule may be modified *only* for good cause and with the judge's consent" (emphasis added). The Second Circuit has repeatedly stated that "a finding of 'good cause' depends on the diligence of the moving party". *Parker v. Columbia Pictures Industries,* 204 F.3d 326, 340 (2d Cir.2000); *Grochowski v. Phoenix*

*Construction,* 318 F.3d 80, 86 (2d Cir.2003); *Presbyterian Church of Sudan v. Talisman Energy, Inc.,* 582 F.3d 244, 267 (2d Cir.2009), *cert. denied,* —— U.S. ——, 131 S.Ct. 122, 178 L.Ed.2d 241 (2010); *Holmes v. Grubman* 568 F.3d 329, 335 (2d Cir.2009) ("Whether good cause exists turns on the diligence of the moving party"); *DiGennaro v. Whitehair,* 2012 WL 880616, *2 (2d Cir.2012) (Summary Order) ("Whether a party has established 'good cause' depends upon that party's diligence").

However, in *Kassner v. 2nd Avenue Delicatessen Inc.,* 496 F.3d 229 (2d Cir.2007), the Second Circuit stated that factors *other* than diligence may be considered in determining whether "good cause" exists: "According to the principles we discussed in *Parker* ... the primary consideration is whether the moving party can demonstrate diligence. It is not, however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the [extension] at this stage of the litigation will prejudice defendants." *Id.* at 244.

Nevertheless, other judges in this district have concluded that *Kassner* does not excuse the moving party from having to demonstrate diligence in order to show "good cause". *See Woodworth v. Erie Insurance Co.,* 2009 WL 3671930, *3 (W.D.N.Y.2009) (Siragusa, J.) ("The Court interprets [*Kassner* ] to mean that, even where the moving party has been diligent, a court may nonetheless *deny* a late motion to amend when it would prejudice the non-moving party. The Court does not understand ... *Kassner* to mean that where the moving party has *not been diligent,* a court many nonetheless grant the motion if it would not prejudice the non-moving party") (emphasis in original); *Kodak Graphic Communications Canada Co. v. E.I. Du Pont de Nemours and Co.,* 2011 WL 6826650, *3 (W.D.N.Y.2011) (Telesca, J.) ("This Court does not interpret *Kassner* to require ... that the lack of prejudice to the non-moving party would negate the requirement that the moving party act with diligence"); *Mendez v. Barlow,* 2008 WL 2039499, *2 (W.D.N.Y.2008) (Foschio, M.J.)

("For purposes of Rule 16, a showing of good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.... Although the absence of prejudice to the non-moving party is relevant to the exercise of the court's discretion, it does not satisfy the good cause requirement").[2] *See also* 3 *Moore's Federal Practice* § 16.14[1][b] (Mattthew Bender 3d ed.) ("The existence or degree of prejudice to the party opposing modification may supply an additional reason to deny a motion to modify a scheduling order, but it is irrelevant to the moving party's exercise of diligence and does not show good cause").

Plaintiff's argument that the need for an extension is the "result of multiple scheduling conflicts arising from [her attorney's] heavy motion, mediation, and deposition calendar" (Woodworth Declaration [17–2], ¶ 11) does not establish "good cause" for an extension of the discovery deadline. *See Arnold v. Krause, Inc.* 232 F.R.D. 58, 65 (W.D.N.Y. 2004) (Foschio, M.J.), *adopted,* 233 F.R.D. 126 (W.D.N.Y.2005) (Arcara, J.) ("Plaintiffs' counsel offers in support of Plaintiffs' motion to modify the Second Amended Scheduling Order, a litany of personal commitments which arose after entry of the Second Amended Scheduling Order .... however, none of the reasons, either individually or cumulatively, impress one as of such a nature that an experienced litigator ... could not overcome with a modest degree of foresight and even a minimum amount of attention to the requirements of Plaintiffs' case, including the Second Amended Scheduling Order"); *Lynch v. Waitman,* 1995 WL 7991, *3 (S.D.N.Y.1995) ("The press of other business does not amount to good cause for failure to complete discovery"); *Agile Sky Alliance*

*Fund LP v. RBS Citizens, N.A.,* 2011 WL 378842, *2 (D.Colo.2011) ("Delay due to the press of other business does not give rise to good cause to extend deadlines").[3]

I do not mean to suggest that unforeseen scheduling problems can never constitute "good cause" for an extension of a discovery deadline. However, where (as in this case) a party has done little or nothing to schedule the depositions until the deadline arrives, "good cause" does not exist.

## CONCLUSION

By waiting until the last minute, plaintiff's attorney apparently believed that if defendant would not grant an extension of the fact discovery deadline, I would. However, parties may not safely assume "that scheduling orders will be modified simply upon request". 6A Wright, Miller, Kane, *Federal Practice & Procedure (Civil)* § 1522.2 (3d ed.). My discretion to grant that relief is limited by Rule 16(b)(4), which requires "good cause" for an extension of a scheduling order deadline. That Rule "is, in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions". *Bank of Nova Scotia v. United States,* 487 U.S. 250, 255, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988).

Since plaintiff has failed to demonstrate good cause for granting an extension, her motion [17] must be denied.

**SO ORDERED.**

---

2. Even if *Kassner could* be interpreted as holding that the moving party need not show diligence in order to establish "good cause", that interpretation would yield to the court's earlier holdings that "a finding of 'good cause' *depends* on the diligence of the moving party". *Parker,* 204 F.3d at 340; *Grochowski,* 318 F.3d at 86 (2d Cir.2003) (emphasis added). "It is well established that a panel of this Court is bound by the decision of a prior panel unless the decision has been overturned either by the Supreme Court or this Court en banc." *United States v. Thomas,* 628 F.3d 64, 69 (2d Cir.2010).

3. Moreover, the fact that counsel waited until the deadline to seek an extension certainly does not aid his cause. "The filing of a request for an extension on the final day of the time period does not .... provide good cause for an extension of the deadline. To the contrary, it is evidence of being remiss in one's duties." *Bruce v. County of Rensselaer,* 2003 WL 22436281, *2 (N.D.N.Y. 2003); *Rankin v. City of Niagara Falls,* 2012 WL 3886327, *5, n. 6 (W.D.N.Y.2012).