**Ewald PAULUS and Barbara Paulus, Plaintiffs,**

**v.**

**HOLIMONT, INC., Defendant.**

1:12–CV–0055EAW

United States District Court, W.D. New York.

Signed 02/17/2016

Benjamin J. Andrews, Richard A. Nicotra, Andrews, Bernstein & Maranto, LLP, Buffalo, NY, for Plaintiffs.

Steven M. Zweig, Cheroutes Zweig PC, Hamburg, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

### INTRODUCTION

This personal injury action arises from a January 23, 2009 incident in which Plaintiff Ewald Paulus was injured while skiing at Defendant's ski resort. (Dkt.1). A jury trial is scheduled to commence on March 21, 2016. (Dkt.43). Currently pending before the Court is Plaintiffs' motion seeking to amend the Case Management Order pursuant to Fed.R.Civ.P. 16 so as to allow Plaintiffs to disclose a recently retained expert witness. (Dkt.45). For the reasons set forth below, Plaintiffs' motion is denied.

### BACKGROUND

On May 3, 2013, the Court issued its third scheduling order in this case, an Amended Case Management Order ("CMO"), requiring that discovery be completed by August 15, 2013. (Dkt.16). Plaintiffs' expert reports were due May 31, 2013, and Defendant's expert reports were due June 30, 2013. (Id.). Plaintiffs timely disclosed Stanley Gale as an expert witness. (Dkt.18–3). Among other things, Mr. Gale opined concerning the location of a caution sign on the ski trail on the date of the incident. (Dkt. 47 at ¶ 3).

On July 9, 2013, Plaintiffs moved before the magistrate judge assigned to supervise discovery for an extension of time to complete discovery, specifically requesting that the magistrate judge amend the CMO to permit Mr. Gale to inspect the accident site during the 2013–2014 ski season. (Dkt.18). The magistrate judge denied Plaintiffs' motion. (Dkt.22). The parties subsequently reached an agreement to allow for Mr. Gale to inspect the trail during the summer of 2013. (Dkt. 47 at ¶ 8).

Defendant filed a motion for summary judgment on September 30, 2013. (Dkt.23). On January 27, 2015, the case was reassigned to the undersigned, with no decision having been rendered on the summary judgment motion. (Dkt.35). On April 24, 2015, the Court issued a Decision and Order denying Defendant's motion, finding that there were issues of fact as to whether the terrain on the ski trail where Plaintiff Ewald Paulus was injured was the type inherent in the sport. (Dkt.37).

On May 20, 2015, the Court conducted a status conference and, after discussion with counsel, scheduled a two-week jury trial to commence on March 21, 2016. (Dkt.42). No issues were raised at this conference about the need for any additional expert discovery. On May 21, 2015, the Court issued a Final Pretrial Order scheduling a jury trial in this case to commence March 21, 2016, and setting forth the deadlines for various pretrial submissions. (Dkt.43).

Eight months later, on January 19, 2016, Plaintiffs filed a motion to amend the CMO to permit Plaintiffs to disclose Christopher A. Puckett as an expert witness in this case. (Dkt.45). Plaintiffs seek to offer Mr. Puckett's opinion at trial concerning the location of the caution sign on the ski trail on the date of the incident.

As noted by the Court when it denied Defendant's summary judgment motion, there is a question of fact as to whether Plaintiff Ewald Paulus knew or should have known of the changing condition of the terrain on the ski trail. (Dkt. 37 at 13–16). Defendant argues that Mr. Paulus should have known of the condition because, among other reasons, there was a caution sign that alerted skiers to a change in conditions. (Dkt. 23–5 at 9). Mr. Paulus does not believe he observed the caution sign before encountering the allegedly dangerous terrain due to the placement of the sign. (Dkt. 25 at ¶ 7; Dkt. 26–1 at 80, 83; Dkt. 29–1 at 2). As a result, Plaintiffs have identified the location of the caution sign as a key fact issue for the jury. (Dkt. 45–1 at ¶ 10).

Plaintiffs retained Mr. Puckett on December 28, 2015, to examine photographs of the accident site taken on January 23, 2009 and April 4, 2013, and determine the location of the caution sign at the time of the incident. (Dkt. 45–2 at 2). Plaintiffs provided Defendant with a copy of Mr. Puckett's expert report on January 6, 2016. (Dkt. 45–7 at 2). The next day, Defendant objected to the disclosure as untimely (Dkt. 45–8 at 2), prompting Plaintiffs to file the instant motion.

Defendant opposes Plaintiffs' motion, arguing it is untimely and unfairly prejudicial. (Dkt.48). Oral argument was held on the motion on February 17, 2016, at which time the Court indicated it would be denying Plaintiffs' motion and setting forth its reasons in a written decision. The Court's reasons are set forth below.

## DISCUSSION

The Court is, in essence, being asked to decide two issues: (1) whether the CMO should be modified for good cause pursuant to Fed.R.Civ.P. 16(b)(4) so as to allow for the late disclosure of Plaintiffs' newly retained expert; and (2) if the CMO is not modified, whether Plaintiffs should be precluded from offering this newly retained expert at trial, as a sanction pursuant to Fed.R.Civ.P. 37(c)(1). The analysis for each issue overlaps, with the overarching inquiry focusing on the moving party's reasons for the late disclosure and any prejudice or harm that may be suffered by either party. The Court will address each issue in turn.

### Federal Rule of Civil Procedure 16

Pursuant to Fed.R.Civ.P. 16(b)(4), a schedule may be modified "only for good cause and with the judge's consent." "The Second Circuit has repeatedly stated that 'a finding of "good cause" depends on the diligence of the moving party.'" *Shemendera v. First Niagara Bank, N.A.*, 288 F.R.D. 251, 252 (W.D.N.Y.2012) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000)). "The purpose of Rule 16(b) is 'to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed.'" *Bartels v. Inc. Village of Lloyd Harbor*, 97 F.Supp.3d 198, 223 (E.D.N.Y.2015) (quoting *Parker*, 204 F.3d at 339–40). "The

burden of demonstrating good cause rests with the movant." *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC,* 282 F.R.D. 76, 79 (S.D.N.Y. 2012). A party fails to show good cause when the request for an extension "rests on information that the party knew, or should have known, in advance of the deadline." *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.,* 889 F.Supp.2d 453, 457 (S.D.N.Y. 2012) (quotation omitted).

◼ Here, Plaintiffs seek to reopen discovery to disclose Mr. Puckett as an expert witness for trial. "A party seeking to reopen expert discovery must show that the tardy submission of its desired expert report was not caused by the party's own lack of diligence." *Ritchie,* 282 F.R.D. at 79. In this case, the late disclosure is directly attributable to a lack of diligence on the part of Plaintiffs.

Plaintiffs seek modification of the CMO nearly two and one-half years after the close of discovery, almost one year after the Court issued a Decision and Order denying summary judgment, and eight months after the Court set this matter down for trial. The case is at the eve of trial, with pretrial submissions in this case due February 22, 2016, and a two-week jury trial set to commence March 21, 2016.

Plaintiffs' counsel claims that he was only prompted to retain Mr. Puckett as an expert after receiving a May 6, 2015 email from Defendant's counsel containing five photographs of the caution sign taken on March 5, 2015, that were allegedly not taken from the same vantage point as previous photographs. (Dkt. 45–1 at ¶¶ 23–25). Plaintiffs' counsel further states that he "recently learned" that Mr. Puckett had a method to determine the location of the caution sign on the date of the incident with a reasonable degree of scientific certainty based on the photographs available. (*Id.* at ¶ 26). At oral argument, Plaintiffs' counsel elaborated that he learned this information at a seminar that he attended.

Notwithstanding Plaintiffs' proffered explanation, Plaintiffs did not retain Mr. Puckett until December 28, 2015, more than seven months after receiving the email and recent photographs that allegedly prompted Plaintiffs' counsel to further investigate the issue. (Dkt. 45–2 at 2). Moreover, Mr. Puckett's expert report is based upon his review of seven photographs dated January 23, 2009, eight photographs dated April 4, 2013, and a topographical map of the area, and does not consider the March 5, 2015 photographs. (*Id.*). In other words, Mr. Puckett does not reference the photographs produced in May 2015 in his report. Rather, he relies upon photographs that were available to Plaintiffs prior to the close of discovery on August 15, 2013. Additionally, there can be no question that Plaintiffs have been aware for years that the location of the caution sign is a key issue in this case, as evidenced by their retention of Mr. Gale to provide an opinion on that issue. (Dkt. 47 at ¶ 3).

Put simply, Plaintiffs have failed to demonstrate good cause. The record reflects that the late disclosure of Mr. Puckett is due to a lack of diligence on the part of Plaintiffs, and nothing more. As a result, good cause to amend the scheduling order is lacking under these circumstances. *See Wingates, LLC v. Commonwealth Ins. Co. of Am.,* 21 F.Supp.3d 206, 215 (E.D.N.Y.2014) ("[A] counselor's professional obligations, pressing or otherwise, do not constitute 'good cause' under Rule 16."); *Arnold v. Krause, Inc.,* 232 F.R.D. 58, 65 (W.D.N.Y.2004), *aff'd and adopted,* 233 F.R.D. 126 (W.D.N.Y.2005) ("Plaintiffs' counsel offers in support of Plaintiffs' motion to modify the Second Amended Scheduling Order, a litany of personal commitments which arose after entry of the Second Amended Scheduling Order ... however, none of the reasons, either individually or cumulatively, impress one as of such a nature that an experienced litigator ... could not overcome with a modest degree of foresight and even a minimum amount of attention to the requirements of Plaintiffs' case, including the Second Amended Scheduling Order.").

### Federal Rules of Civil Procedure 26 and 37

◼ Defendant argues that Mr. Puckett's testimony should be excluded according to Fed.R.Civ.P. 37(c)(1). (Dkt.48). Under Fed. R.Civ.P. 26(a)(2)(D), a party must disclose the identity of any expert witness in accor-

dance with the court's scheduling order. A party who fails to identify a witness as required by Rule 26 is not allowed to present that witness at trial unless the failure "was substantially justified or is harmless." Fed. R.Civ.P. 37(c)(1). Having determined that there is no good cause to amend the CMO, the Court now considers whether Plaintiffs' failure to disclose Mr. Puckett as an expert witness in a timely fashion is substantially justified or harmless so as to permit Plaintiffs to present Mr. Puckett as a witness for trial.

 "Substantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Kunstler v. City of New York*, 242 F.R.D. 261, 264–65 (S.D.N.Y.2007) (quotation omitted). "Harmlessness means an absence of prejudice." *Ritchie*, 280 F.R.D. at 159. "The party that failed to comply with its discovery obligations bears the burden of proving that its failure was both substantially justified and harmless." *Coene v. 3M Co.*, 303 F.R.D. 32, 44 (W.D.N.Y.2014). When evaluating whether preclusion of an expert witness is appropriate, a court considers the following factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Comm'ns, Inc.*, 118 F.3d 955, 961 (2d Cir.1997); *see also Shea v. Royal Enters., Inc.*, No. 09 Civ. 8709(THK), 2011 WL 2436709, at *7 (S.D.N.Y. July 16, 2011) (precluding expert witness testimony following evaluation of the four *Softel* factors).

First, as discussed above, there is no legitimate explanation for Plaintiffs' eleventh hour disclosure of Mr. Puckett. The fact that Plaintiffs' counsel only "recently learned" that Mr. Puckett could utilize the January 2009 and April 2013 photographs to opine on the location of the caution sign at the time of the accident reflects a lack of due diligence. The photographs reviewed by Mr. Puckett were available during the discovery period and could have been used for a similar expert opinion at any time prior to the eve of trial. There is no claim that Mr. Puckett is somehow utilizing newly discovered technology to arrive at his opinion. Rather, the record demonstrates that it was simply newly discovered by Plaintiffs' counsel that he could retain an expert such as Mr. Puckett. However, this demonstrates a lack of diligence by Plaintiffs' counsel—not good cause for the failure to comply with the Court's scheduling deadlines. Therefore, this factor weighs heavily against Plaintiffs.

Second, while Mr. Puckett's opinion on the location of the caution sign is certainly relevant to a central issue in the case, Plaintiffs did timely retain and disclose an expert, Mr. Gale, who provided an opinion as to the location of the caution sign and Mr. Paulus' ability to view the sign on the date of the accident. Specifically, Mr. Gale has opined that "the existence of any sign/banner whatsoever could not be seen, appreciated, or unambiguously understood while in motion as Mr. Paulus began his right turn from Exhibition when he was skiing onto Corkscrew...." (Dkt. 47–1 at 3). Plaintiffs argue, in essence, that Mr. Gale's opinion is not as persuasive as Mr. Puckett's, due to the fact that Mr. Gale uses different methodology to locate the caution sign, which is simply an approximation. (Dkt. 50 at ¶ 7). While Mr. Puckett's opinion may be more persuasive, the fact of the matter is that Plaintiffs already retained and disclosed an expert to opine on this subject. Thus, while the issue is an important one, the Court cannot conclude that Mr. Puckett's opinion is critical. As a result, the Court finds that this factor cuts equally in favor of preclusion and admission.

Consideration of the third *Softel* factor weighs heavily against Plaintiffs. Permitting Plaintiffs to present the expert testimony of Mr. Puckett at trial would be unfairly prejudicial to Defendant. Plaintiffs are proposing to disclose a new expert on the eve of trial concerning the location of a caution sign on a ski trail some seven years earlier. Defendant would not have sufficient time to prepare for cross-examination of the witness and/or retention of Defendant's own expert

witness to counter Mr. Puckett's methodology. Because Defendant has had no opportunity to conduct discovery to counter Mr. Puckett's report, Defendant would be severely prejudiced should Plaintiffs offer Mr. Puckett's testimony at trial. Similarly, it would be prejudicial to require Defendant to scramble to prepare for this witness by allowing additional discovery at this late stage, which the Court doubts would even be practical. Rule 37(c)(1) is designed ' "to prevent the practice of "sandbagging" an adversary with new evidence.' " *Coene*, 303 F.R.D. at 42 (quoting *Ritchie*, 280 F.R.D. at 156). Yet, allowing for Plaintiffs to present this eleventh hour expert witness would be exactly that—sandbagging. This would fly in the face of the purpose of Fed.R.Civ.P. 26(a)(2).

Fourth, a continuation of the trial is not appropriate under the circumstances of this case, and thus weighs against Plaintiffs. The accident occurred more than seven years ago; the case has been pending since January 20, 2012; and the Court set a trial date over eight months ago. Fact discovery has been closed for almost two and one-half years. All of these facts weigh against a continuance. *See Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 30 (W.D.N.Y.2014).

The Court is cognizant of the Second Circuit's counsel that district courts should consider "lesser sanctions prior to precluding evidence as a sanction for discovery violations." *Coene*, 303 F.R.D. at 42 (citing *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir.1988)). However, given the late stage of this litigation, on the eve of trial with no credible explanation for the failure to timely disclose Mr. Puckett and the inherent prejudice that Defendant would suffer if Mr. Puckett was allowed to testify, the Court concludes that no sanction other than preclusion is appropriate. As a result, Plaintiffs are precluded from offering Mr. Puckett's testimony at trial in accordance with Fed. R.Civ.P. 37(c)(1).

Finally, to the extent Plaintiffs propose to offer Mr. Puckett as a rebuttal witness as suggested by Plaintiffs' counsel at oral argument, the result would not be any different. In other words, unless Defendant offers some unanticipated expert proof at trial (which would likely not be allowed for the very same reasons that Plaintiffs may not present Mr. Puckett), Plaintiffs are precluded from offering Mr. Puckett's testimony, even on rebuttal. *See* Fed.R.Civ.P. 26(a)(2)(D)(ii) (parties are required to disclose experts "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) ... within 30 days after the other party's disclosure."); *Lujan v. Cabana Mgm't, Inc.*, 284 F.R.D. 50, 74 (E.D.N.Y.2012) ("Even if the Cabana Declarants were contacted solely for rebuttal purposes, this does not vitiate defendants' obligation to supplement their Rule 26(a) disclosures by timely informing plaintiffs ... that they intended to rely on these witnesses.").

### CONCLUSION

Plaintiffs' motion to amend the Case Management Order (Dkt.45) is denied for failure to demonstrate good cause for the proposed amendment. Further, Plaintiffs are precluded from presenting the expert opinion of Mr. Christopher Puckett at trial as they have not shown that their failure to identify Mr. Puckett as a witness in accordance with Fed. R.Civ.P. 26(a)(2)(D) was substantially justified or harmless.

SO ORDERED.